## Case No. 1,592.

### BOBYSHALL v. OPPENHEIMER.

### SAME v. OPPENHEIMER et al.

[4 Wash. C. C. 482.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1824.

COURTS—JURISDICTION—PLEADING—CITIZENSHIP—SUIT ON BAIL BOND — AMOUNT OF DEBT—MODE OF ASCERTAINING.

1. If jurisdiction be not shown in the proceedings, no consent of parties can give it. No inference in favor of it can be drawn from the trial and judgment.

[Cited in Waring v. Clarke, 5 How. (46 U. S.) 500.]

2. Defendant may at any time before trial object to the jurisdiction on motion, or by a plea, or on the general issue, with notice to the adverse party.

3. After a trial on the merits, and a verdict or judgment given, the defendant is estopped to controvert the fact of citizenship, if it be laid in the declaration.

4. To a suit by the assignees on the bail bond, the defendant may plead that the principal was not a citizen of another state, as laid in the original declaration, for the purpose of objecting to the jurisdiction.

5. The suit on the bail bond is but an incident to the original suit, and it is not necessary to state the defendants to be citizens of a different state from that of the plaintiff.

[Cited in Arnold v. Frost, Case No. 558.]

6. The assignee of a bail bond is not such an assignee of a chose in action as is contemplated by the eleventh section of the judiciary act of [September 24] 1789 [1 Stat. 79].

7. After judgment on the bail bond for the penalty, if the real amount of debt due by the principal, and claimed by the plaintiff be controverted, the court may direct a writ of inquiry in the original suit, to ascertain the sum due; or may direct it in the bail bond suit; or may direct an issue to be made up and tried at bar.

[At law. Actions on bail bonds by Bobyshall and Sower against Oppenheimer, and by the same against Oppenheimer and his sureties. For prior proceedings, see Cases Nos. 1,589–1,591.]

These causes came before the court upon rules to show cause why the proceedings in both should not be stayed, and the causes dismissed for want of jurisdiction, and why the writ of inquiry, and all proceedings under it, in the first case, should not be quashed.

The ground upon which the first part of the rule, in the first of these cases, and the rule in the second, was rested was, that although the declaration in the first case alleges the plaintiff to be a citizen of Pennsylvania, and the defendant a citizen of Maryland, yet in point of fact, Oppenheimer

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

was a citizen of Pennsylvania at the time the suit was commenced, to prove which on the one side, and to disprove it on the other, a number of depositions were read. The court informed the counsel that, if an objection to the jurisdiction could now be made, the evidence of the fact of citizenship upon which the question of law must arise is so contradictory, that we should not undertake to decide it, but should refer it to a jury to be ascertained upon an issue to be made up under the direction of the court. The counsel were therefore directed to argue the question, whether the objection can be taken after a trial and judgment in the bail bond suit.

Cases cited by the defendants' counsel: [Kempe v. Kennedy] 5 Cranch [9 U. S.] 173, 185; [Turner v. Enrille] 4 Dall. [4 U. S.] 8; [Skillern v. May] 6 Cranch [10 U. S.] 267; [Corporation of New Orleans v. Winter] 1 Wheat. [14 U. S.] 91; Pet. C. C. 64, 73, 489 [Hartshorn v. Wright, Case No. 6,169; Harrison v. Rowan, Id. 6,140]; [Capron v. Van Noorden] 2 Cranch [6 U. S.] 126; Cro. Eliz. 132; 1 Salk. 8; 1 Bin. 138.

E contra. 3 Johns. 105; King v. Johnson, 6 East, 583; 3 Johns. 113; 1 Mass. 360; 1 Chit. Pl. 426, 427.

Upon the second part of the rule, in the first case, it was contended, that as the writ of inquiry was directed to be executed in the original suit, in which there was no judgment, it was a proceeding for which no precedent can be found. 2 Saund. 107; 3 Com. Dig. tit. "Courts," pl. 14, letter P; 3 Bl. Comm. 398.

Peters and S. Ewing, for plaintiff.

C. J. Ingersoll and Phillips, for defendants.

WASHINGTON, Circuit Justice, delivered the opinion

I. Upon the question of jurisdiction. We are authorized by decided cases to lay down the following positions:

1. That the circuit courts of the United States cannot entertain jurisdiction of causes at common law, or in equity, unless it be laid in the pleadings, and, that in the absence of such statement, no consent or agreement of the parties can uphold the jurisdiction. If it be not stated, no inference in favour of the jurisdiction can be drawn from the trial and the judgment in the cause. The first branch of this proposition is supported by many cases decided in the supreme court; and the second by the case of Capron v. Van Noorden, 2 Cranch [6 U. S.] 126.

2. That the defendant may, at any time before the trial, object to the jurisdiction, either upon motion or by a plea.

3. That the defendant may, even upon the general issue, question the jurisdiction. In relation, however, to this position, we observe that notice to the adverse party, or his counsel, that such an objection is intended to be taken ought to be given. For even if the omission to give it would not be a good ground for excluding any evidence on that point, as to which we give no opinion, it would undoubtedly furnish a good reason for granting a new trial, on the ground of surprise. But the court is now called upon, we believe, for the first time, to dismiss these causes for want of jurisdiction, after a trial on the merits, and after a judgment.

The question of jurisdiction, (we confine ourselves to the case before us) is a mixed one of law and fact. If the defendant, Oppenheimer was a citizen of Maryland at the time this suit was brought, the court had jurisdiction. But whether he was a citizen of that or of this state, was a fact to be proved or admitted, and the question of law arises upon the establishment of that fact one way or the other. Unless the record shows him to have been a citizen of some state other than Pennsylvania, the law presumes that he was not, in point of fact, a citizen of any other state; and no admission of his against this presumption would be sufficient to give jurisdiction to the court. But if his citizenship of some other state be averred in the declaration, as it is in this. that fact may be admitted, or it may be controverted and submitted to the decision of the court or jury, according to the mode in which it is to be decided. Suppose, in the latter case, the jury should, upon a plea to the jurisdiction, or upon the general issue, find the citizenship as laid in the declaration, or find generally for the plaintiff; could the court, after judgment, on the verdict, entertain a motion to dismiss the suit, and re-try the matter of fact which had been decided by the jury? We presume not. The answer to such a motion would be, that the defendant is estopped by the verdict to deny the citizenship as laid in the declaration and found by the jury. And if the defendant, instead of controverting the averment of citizenship in the declaration either by plea or proof, rests his defense upon some other matter, does he not admit the fact so averred? And is not this admission as conclusive against him, as if the fact had been found by the jury? He is as much estopped, in our apprehension. to deny the truth of the averment in the latter, as he would be in the former case. In neither case is jurisdiction conferred upon the court which does not belong to it, because the fact of citizenship being proved or admitted, the law, not the party, gives the jurisdiction.

If after the trial of the cause upon its merits, without an objection being made to the jurisdiction, or being made, it is found not to be supported in point or fact, the same objection may afterwards be insisted upon to avoid the judgment; we can perceive no reason why it may not be urged after the money is brought into court upon the execution, or even in the appellate court, upon motion and evidence taken there. We think that we lay down a sound and reasonable principle in saying, that after the trial of the cause, and

a verdict or judgment for the plaintiff, the defendant is estopped to deny the truth of the averment in the declaration of the fact on which the jurisdiction is vested.

What then are the facts of this case? The defendant, Oppenheimer, having given a bail bond in the original suit, together with Hyneman, Levy, and Morris as his sureties, was unable to justify special bail; in consequence of which the plaintiff took from the marshal an assignment of the bail bond, in which a suit was instituted against all the obligors. Instead of pleading to the jurisdiction of the court, which they might unquestionably have done, if in fact Oppenheimer, the principal, was a citizen of Pennsylvania when the original suit was commenced, they plead comperuit ad diem, as appeared by the record, to which the plaintiff replied, No such record. This issue being decided against the defendants by the court, judgment was entered for the penalty of the bond. It is this judgment which the defendants now ask to set aside, upon the allegation that Oppenheimer was not, as the declaration averred he was, a citizen of Maryland.

There was another ground of objection to the jurisdiction, made, or rather hinted at by the counsel for the defendants, of which some notice ought to be taken. It was, that the declaration on the bail bond does not state that the defendants are citizens of some state other than Pennsylvania, and even if it were stated, it is supposed by the counsel, that as assignee of the marshal, the plaintiff would be prevented by the eleventh section of the judiciary act of 1789 [1 Stat. 79] from maintaining this action. The short answer to these objections is, that the marshal being authorised to take appearance bail, the bond for the appearance is a mere appendage to the original suit, and the action brought upon it, either by the marshal or by his assignee, is an incident to that suit, as much so as a scire facias against the special bail is an incident to the original suit. If this be not so, it will follow, that persons suing in the circuit courts of the United States, being themselves citizens of the state where the suit is brought, or aliens, if the defendant be, as in the former case he must be a citizen of some other state, will be denied the benefit which other suitors enjoy of demanding bail for the appearance of their debtors, and for the payment of the debt if the body of the principal be not surrendered, since the bail, in all cases, must be a citizen or citizens of the state where the suit is brought; no other would be received. The objection in short, if well founded, would exclude all such persons from the privilege, intended to be conferred upon them by the constitution and laws of the United States, of suing in the courts of the United States, since no person would bring his suit in those courts, if the same laws deny to him the advantage of demanding bail, in cases where it is demandable in the state courts.

As to the objection founded on the eleventh section of the judiciary act, there is nothing in it. That section is inapplicable to an instrument of this kind, which does not circulate as negotiable choses in action, but which, being merely an incident to the original suit, is in reality taken for the benefit of the plaintiff, if he consents to receive an assignment of it, and which the marshal, who must always be a citizen of the same state with the bail, is authorized by law to assign to the plaintiff. The policy and design of the eleventh section was to prevent the making of assignments of choses in action for the purpose of giving jurisdiction to the court.

II. The objection to the mode adopted by the court to satisfy its conscience as to the amount really due from Oppenheimer to the plaintiff, proceeds upon a mistaken notion of the counsel that the writ ordered was a judicial writ of inquiry at common law; which, no person will deny, issues only in cases where there is a judgment, but the damages are uncertain. The only object of the inquiry was to inform the conscience of the court; and we hold it to be perfectly clear, that the court had the power to direct the mode in which the inquiry should be made, either by a special writ framed for the occasion and directed to the marshal, as was done in this case, or by directing a writ of inquiry in the suit on the bail bond in which there was a judgment, or by ordering an issue to be made up to ascertain the amount due to be tried at the bar of the court. The former was preferred, out of deference to the practice of the supreme court of this state; which, we understood, was to direct a speedy trial in the original suit, in which of course there was no judgment. The particular mode in which that trial should take place, might be regulated by this court, which clearly possesses authority to establish its own practice.

But admit, for the sake of the argument, that it would have been more consonant with the general rules of practice to have ordered the common writ of inquiry to issue on the judgment in the bail bond suit, or to direct an issue to be tried at the bar of the court, would this afford a good reason for setting aside the inquisition when it is not pretended by the counsel for the defendants that any injustice has been done them, or that the sum found by the inquisition is not justly due to the plaintiff? We think it clearly would not.

Let both rules be discharged.