WETMORE and others <i>against</i> PLANT :

IN ERROR.

Nothing, of which the party could have taken advantage in the court below, can be assigned for error in fact.

Nothing, which contradicts the record, can be assigned for error.

Therefore, where a suit was brought on a probate bond, and judgment recovered, in the name of *D. P.* as judge of probate ; it was held, that the fact, that *D. P.* ceased to be judge of probate before the rendition of such judgment, could not be assigned for error.

This was an action brought by *David Plant*, Esq. as judge of probate, against *Sidney Wetmore, George Wetmore, William C. Wetmore* and *Charles M'Ewen*, on a probate bond, conditioned for the faithful execution of the office of joint executors of the last will and testament of *Victory Wetmore*, deceased. The cause came on for trial before the superior court in *Fairfield* county ; and the defendants pleaded in bar, that *William C. Wetmore*, one of them, was a minor at the execution of the bond. To this plea there was a demurrer. The court decided the plea to be insufficient ; and rendered judgment for the plaintiff. To reverse this determination, the defendants in that

*Fairfield*, June, 1825.

Starr v. Lyon.

*Fairfiel ,*
*June,*
*1825.*

Wetmore
*v.*
Plant.

suit brought a writ of error *coram nobis* to the superior court in the county of *Fairfield* ; and for cause of error, they assigned the *fact,* that *David Plant,* Esq. had ceased to be judge of probate before the rendition of said judgment. To this the defendant in error pleaded, that the fact so alleged for error was insufficient in the law, and prayed that said judgment be affirmed ; which was done accordingly. On motion of the plaintiffs in error, the record was transmitted to this Court for revision.

*Backus* and *Swift,* for the plaintiffs in error, contended, 1. That the matter assigned for error, in the writ of error *coram nobis,* was sufficient. The bond was taken to *David Plant, as judge of probate.* As an individual, he had no interest in it. As was said, by Lord *Mansfield,* of the archbishop, "it is not his *personal* affair ; his name is used *officially* only." Archbishop of *Canterbury* v *House, Cowp.* 141. It was *David Plant, as judge of probate,* and not as an individual, who delivered out the bond to be sued ; who authorized the institution of a suit ; who constituted an attorney to appear for him in that suit, and to prosecute it. When his office expired, he no longer had any authority ; and could communicate none. This principle is applicable to all cases of delegated authority. When the principal dies, the agent's power is gone. 2 *Fonb. Eq.* 389. This suit, then, could not be *pursued* by *David Plant,* after he ceased to be judge of probate. He could not have any *existence* for this purpose. In relation to this suit, he was a *dead man.* In short, he could recover judgment only in his official capacity ; but when the judgment in question was rendered, he had no official capacity.

2. That this matter could be taken advantage of, by writ of error. If a party suing in his individual capacity, should die before judgment, a judgment rendered afterwards, in his name, would be erroneous ; and a writ of error might be sustained. Is there any difference, as to this matter, between an *official* and a *natural* death ? In each case, there is no legal party before the court. If a writ abates *de facto,* it is not necessary to plead the matter in abatement : A judgment afterwards will be erroneous. *Bac. Abr. tit.* Abatement. K. Where it is the *officer* who sues, and the office is transferred *pendente lite,* the action dies *of course.*

*Sherman,* for the defendant in error, contended, 1. That nothing can be assigned as error *in fact,* which the party might

have taken advantage of, in the court below. *Andrews* v. *Linton,* 2 *Ld. Raym.* 884.  *S. C.* 1 *Salk.* 265.  *Wicket* & al. v. *Creamer,* 1 *Salk.* 264.  *Thoroughgood* v. *Scroggs,* *Cro. Eliz.* 582.  2 *Wms. Saund.* 101. *q.* 101. *y.*  The court below is to try all facts, which it is in the power of the party to shew, and of the court to try.  In this case, it was competent for the original defendants to make the exception, and for the court to try it.  They had their day in court.  They ought to have put in their plea of abatement *puis darrein continuance.*  It would be as unreasonable as it is contrary to law, to permit them, when they knew of the change, to lie by, and suffer a judgment to pass against them, and then to set aside the judgment for error.

2. That nothing can be assigned as error in fact, which contradicts the record, or is contrary even to the *surmise* of the writ. *Plommer* v. *Webb* and *Cripp,* 2 *Ld. Raym.* 1415. n. *Lampton* v. *Collingwood,* 1 *Salk.* 262.  If there is a mistake in the record, a new trial may be granted, subject to the principles which govern applications of that nature.

HOSMER, Ch. J. It is indispensible that there be a distinct perception of the point raised for the determination of the Court.  Whether the decision of the superior court, in adjudging the plea of the executors to be correct, was legal, is, at present, no question.  To review that determination, a writ of error must be brought to the supreme court of errors.  But on the basis of *fact,* not appearing in the former case in any manner. and upon the assumption, so far as this case is concerned, that the decision upon the record was correct, the plaintiffs present a new point for determination.  The precise and only question is, whether it is competent for the plaintiffs in error, *now* to aver, and take benefit of, the fact, that Mr. *Plant* was not the judge of probate, when judgment was rendered by the superior court in his favour.

The argument by the counsel for the defendant in error, is both correct and conclusive.

Nothing, of which the party could have taken advantage in the court below, can be assigned as error in fact.  A man shall never assign that for error, which he might have pleaded in abatement; for it shall be accounted his folly to neglect the time of taking that exception.  *Barnes* v. *Bulwer, Carth.* 124. In illustration of this position, Lord *Holt,* in the case just cited, remarks : " If a feme covert bring an action in her own name,

*Wetmore
v.
Plant.*

*per attornatum,* and the defendant plead in bar to the action, he shall never afterwards assign the coverture for error." It cannot be necessary to discuss a point of practice uniformly established, and resting on the soundest reason. Vid. *Bac. Abr. tit.* Error. K. 5. 2 *Wms. Saund.* 101. *q.*

The application of the principle to this case demonstrates, that the writ of error is not sustainable. On plea of abatement *puis darrein continuance,* the action in the name of *David Plant,* Esq., upon the fact that he had ceased to be judge of probate, would have abated; and the omission to take this remedy, was a waiver of the exception.

Nothing can be assigned for error, that contradicts the record; for the records of courts of justice, acting regularly and within their jurisdiction, are of unimpeachable validity. Hence, in a writ of error to reverse a fine, the plaintiff cannot assign that the conusor died before the *teste* of the *dedimus*; because that contradiats the record of the conusance taken by the commissioners. *Reynolds* & al. v. *Dignam* & al. *Dyer* 89. *b.* *Wright* v. *Wickham, Cro. Eliz.* 469. This principle does not admit of a question. *Bac. Abr. tit.* Error. K. 3. 2 *Wms Saund.* 101. *q.* That Mr. *Plant* was judge of probate, at the rendering of the judgment in the case brought here for revision, is incontestibly apparent on the record, from its commencement to its termination. The action was brought by him in that capacity, upon a cause of action, on which a judge of probate alone could sustain a suit; and in that unquestioned capacity he necessarily recovered judgment. The fact, on which the writ of error is founded, that Mr. *Plant* had ceased to be judge before the judgment was rendered, is in direct and pointed opposition to the record, and cannot be assigned for error.

PETERS and BRISTOL, Js. were of the same opinion; BRAINARD, J. being absent.

Judgment affirmed.