## Davis *vs.* Packard and others.

A *consul* of a foreign power sued in the supreme court of this state upon a recognizance of bail, acknowledged in that court, who appeared and *pleaded to the merits,* cannot upon a writ of error, assign as an *error in fact,* that he is such consul, and therefore allege that the supreme court has not jurisdiction.

A proceeding upon a *recognizance of bail* is merely a continuation of the original suit.

When a court has jurisdiction of the *subject matter* of a suit, and facts are stated in the proceedings sufficient to give it jurisdiction as to the *parties,* if the defendant appears and confesses the facts, or tacitly *admits them by pleading to the merits,* he cannot afterwards assign for error the want of jurisdiction.

The court for the correction of errors has no jurisdiction to reverse a judgment of the supreme court for *error in fact,* unless the question has been first examined and decided upon a writ of error, *coram vobis,* in that court, or the matter upon which the error is assigned has arisen since the rendition of judgment in the court below, as upon a plea of a release of errors, or the like.

The power given to that court by the revised statutes, to award an issue, when necessary to determine a question of fact, does not give the court jurisdiction over cases not before cognizable in that court; it only enables it to administer justice more conveniently, when a question of fact is presented on a plea of a *release of errors,* or other matter rising subsequent to the judgment in the court below.

Error from the supreme court. Davis was sued in the supreme court on a *recognizance of bail* entered into by him in a suit of the plaintiffs against T. Hill impleaded, &c. ; he

pleaded *nil debet*, and several other pleas to the merits, on all of which issues were joined, a verdict found for the plaintiffs, and judgment rendered in their favor. Davis removed the record into this court by writ of error, and assigned for error, that before, and at the time of the commencement of the suit *against him*, he was, and ever since had continued to be consul-general of the king of Saxony, in the United States, duly admitted and approved as such by the president of the United States; and that as such consul-general he ought not, according to the constitution and laws of the United States, to have been impleaded in the supreme court, but in the district court of the United States for the southern district of New-York, or in some other district court of the United States, and that the supreme court had not jurisdiction, &c. The defendants in error pleaded *in nullo est erratum.*

*S. A. Foot*, for the plaintiff in error. Error *in fact* may be assigned in this court. In the creation of the court, its jurisdiction is not defined otherwise than that it is declared to be a court for the correction of errors, and its province is admitted to be to pass upon appeals from decrees in chancery, and upon the judgments of the supreme court, brought up by writ of error. The chancellor, in cases of appeals, is required to inform the court of the reasons for his decree, and the judges of the supreme court, when a writ of error is brought, must assign the reasons of their judgment. *Constitution of the State, art.* 5, § 1. 1 *R. S.* 51. But the power of the court is not limited to the questions passed upon in the courts below, as set forth in the reasons assigned by them. The court has power to correct and redress all errors that may happen in the court of chancery, or in the supreme court, 2 *R. S.* 166, § 24; and by the next section in the same statute it is expressly made the duty of the court to examine all errors that shall be *assigned* or *found* in any record brought from the supreme court, and now, by the *Revised Statutes, vol.* 2, 601, § 62, *et seq.* whenever an issue of fact is joined upon a writ of error returned into this court, provision is made for the making up of the issue and the trial of the question of fact.

The error assigned is fatal, and the judgment must be reversed. 1 *Binney*, 138. 11 *Wheaton*, 472, *n*. 3 *Caines*, 129, 2 *Cranch*, 126. 9 *Cowen*, 227. The supreme court had no jurisdiction, and the assent of the defendant below could not confer it.

*D. D. Field & R. Sedgwick*, for defendants in error. This court has *appellate* jurisdiction only. 2 *Cowen*, 49. 2 *Wendell*, 137. 4 *id*. 175. The plaintiff in error voluntarily submitted to the jurisdiction of the supreme court by becoming bail, and could not have been sued in the United States' courts, as bail must be prosecuted in the courts in which they enter into their recognizances. Besides, a proceeding upon a recognizance of bail is but a continuation of the original suit. *Tidd*, 104. *Bacon's Abr. tit. Ex. B.* When the want of jurisdiction applies to the *subject matter*, advantage may be taken thereof at any time, but when it applies to the *person*, it must be suggested. 3 *Johns. R.* 105. 7 *id*. 144. 17 *id*. 4. Having submitted to plead, the plaintiff in error cannot now object that the supreme court had not jurisdiction. The provision of the revised statutes as to the making up and trial of issues of fact joined in this court, can apply only to questions upon which the court below could not have passed, as upon an issue upon a release of errors, or the like.

*Foot*, in reply, admitted that a personal privilege must be pleaded, but that the privilege here was that of the sovereign, and not of his representative, and therefore could not be waived. The constitution gives exclusive jurisdiction to the courts of the United States of all actions relating to the ministers of foreign powers. 11 *Wheaton*, 472, *n*.

The following opinion was delivered :

By the CHANCELLOR. The plaintiff in error assigns a matter of fact, which he supposes sufficient to show a total want of jurisdiction in the supreme court, for the purpose of obtaining a reversal of the judgment rendered by that court. He alleges that at the time of the commencement of the suit against him on the recognizance of bail, he was *consul gene-*

*ral* of the king of Saxony, and was therefore suable only in the federal courts. By pleading *in nullo est erratum,* the defendants in error admit the truth of the fact assigned for error, if it is such a matter as could be assigned for error in this court and on this record; but if error in fact cannot be assigned here, or if the party is precluded from assigning such a matter for error after having appeared and pleaded to the merits in the court below, or if that court had jurisdiction under the circumstances of the case, the answer of the defendants in error is in the nature of a demurrer, and the judgment must be affirmed. *Webb* v. *Plumer, Fitzgibbon's Rep.* 109. *Roe* v. *Moore, Comyn's R.* 601. *Hilbert* v. *Held,* 1 *Strange,* 685.

Taking it for granted that by the judiciary act of 1789, 1 *L. U. S.* 54, *ch.* 20, § 9, congress has given to the district courts exclusive jurisdiction of all civil suits or original proceedings against foreign consuls, and that such jurisdiction was rightfully conferred under the provisions of the constitution, it does not follow as a matter of course that we can or ought to reverse this judgment. This is not an original proceeding against a consul, by which he is deprived of a privilege conferred on him by the constitution and laws of the United States without his consent. The proceeding on the recognizance is merely a continuation of a suit or proceeding rightfully commenced in the state court, and in relation to which that court probably had jurisdiction exclusive of the federal courts. The question then arises whether a party who voluntarily comes into the state court and makes himself responsible as special bail, can afterwards deprive the plaintiffs of their remedy against him on his recognizance by objecting to the jurisdiction of the court. As a general rule, the action on a recognizance of bail, as well as a suit on a bail bond, must be brought in the same court in which it was taken, and is considered a mere attendant or continuation of the proceedings in the original suit. *Dixon* v. *Hislop,* 6 *T. R.* 365. 1 *Gall. R.* 229. 1 *Mason's R.* 435. 13 *Johns. R.* 424. In the case of *Cobbett,* 3 *Dallas' Rep.* 475, McKean, Ch. J. says: "A recognizance is a matter of record; it is in the nature of a judgment, and the process upon it, wheth-

or a *sci. fa.* or summons, is for the purpose of carrying it into execution, and is rather judicial than original ; it is no farther to be reckoned an original suit than that the defendant has a right to plead to it ; it is founded on the recognizance, and must be considered as flowing from it and partaking of its nature ;" and in that case the supreme court of Pennsylvania, for that and other reasons, refused to permit the suit on the recognizance to be removed into the federal court. So in *Bobyshall* v. *Opeinheimer & others,* 4 *Wash. C. C. Rep.* 482, where the circuit court of the United States had jurisdiction over the original suit, in consequence of the residence of the parties in different states, it was held that the same court had jurisdiction in a suit commenced on the bail bond, although the plaintiff and defendants in the last cause all reside in the same state. Judge Washington says : " The short answer to these objections is, that the marshal being authorized to take appearance bail, the bond for the appearance is a mere appendage to the original suit, and the action brought upon it, either by the marshal or by his assignee, is an incident to that suit, as much so as a *scire facias* against the special bail is an incident to the original suit." If the fact of its being a continuation of the original suit is sufficient to give courts of limited jurisdiction a control over parties who could not be otherwise subject to their power, a court of general jurisdiction must be competent to consummate the proceedings in an action rightfully commenced before them. In this view of the subject, the plaintiff in error could not in any stage of the proceedings object to the jurisdiction of the court below.

If I am right on this point, the judgment of the supreme court must be affirmed ; but as other members of this court may take a different view of this question, I shall proceed to examine other questions presented in this case.

As a general rule, if the jurisdiction of the court is limited to particular classes of persons, or to a particular subject matter, or to the subject of the suit, or to the parties only under special circumstances, it must appear by the record of its proceedings affirmatively that such jurisdiction did exist, or its judgment or decree, if not absolutely void, will be subject

to reversal by the superior appellate court. But if the juris-diction of the court is general or unlimited, both as to parties and subject matter, it will be presumed to have had juris-diction of the cause, unless it appears affirmatively from the record, or by the showing of the party denying the jurisdic-tion of the court, that some special circumstances existed to oust the court of its jurisdiction in that particular case. In the first class of cases, where the court has jurisdiction over the subject matter of the suit, and facts are stated in the pro-ceedings sufficient to give it jurisdiction as to the parties, if the defendant appears and confesses those facts, or tacitly admits them by pleading to the merits, he is precluded, and cannot afterwards assign for error the want of jurisdiction. Thus, by the constitution and laws of the United States, the federal courts have no jurisdiction over ordinary suits be-tween citizens of the same state ; yet, if it be averred in the declaration that the plaintiff is a citizen of a different state from the defendant, who is a citizen of the state in which the suit is brought, the defendant must deny this allegation by a plea in abatement, if it is untrue, and cannot set up that de-fence on the trial after a plea to the merits, or in any other manner. *De Wolf* v. *Rabaud,* 1 *Peter's Rep.* 476. So in the case of *Chichester* v. *Donnegal, Mad. & Geld. R.* 375, where the consistoral court of *London* had no jurisdiction over par-ties not resident within that diocese, and it was alleged in the libel that the defendant resided at *Westminster,* although in point of fact she resided in Ireland, and she appeared volun-tarily and pleaded to the merits ; it was decided that the court had jurisdiction of the cause, although the objection was made by an intervener, subsequently called before the court to see the proceedings, on the ground that he would be concluded thereby on a question of legitimacy. In de-ciding upon the application for a prohibition in that case, the vice chancellor, Sir John Leach, says : " I state, without ex-ception, as a general principle, that in courts of equity, as well as in courts of law, a party admitting a fact which gives jurisdiction to a court, and appearing and submitting to that jurisdiction, upon general principles and upon all analogies known to us, can never recede, or, as it is called in the

Scotch law, *resile* from those facts, and withdraw that admission." Although a party cannot by consent give jurisdiction to a court which had no jurisdiction before, yet,.if it has general jurisdiction over the subject matter, and the defendant either resides out of the jurisdiction or has some privilege which exempts him from the jurisdiction, he may waive that privilege, if he chooses to do so ; and in a superior court of general jurisdiction, if he neglects to object and show to the court his particular exemption, by way of a plea in abatement or otherwise, before he has answered as to the merits of the cause, he will be forever precluded. 1 *Ventris,* 236, 369. *Cam. & Norw. Rep.* 89, 303. 4 *M'Cord's L. Rep.* 79. 1 *Mason's Rep.* 360. 5 *Conn. Rep.* 541. *Taylor's Rep.* 35. In this case, it was not necessary to allege in the declaration that the defendant was not a consul ; if he had such privilege exempting him from the ordinary jurisdiction of the court, it was his duty to make his objection by plea in abatement. By pleading in chief, and thereby calling for a decision of the cause on the merits, he admits the jurisdiction of the court to make such a decision ; and that admission is now conclusive against him. It is therefore too late for him to assign any thing for error which is inconsistent with that admission on the record.

The last objection insisted on by the defendants in error is, that this court will not entertain jurisdiction to reverse a judgment of the supreme court for a mere error in fact, which might have been tried there, on a writ of error *coram vobis.* It is supposed by the plaintiff's counsel that the reason why a writ of error did not lie to the exchequer chamber in England, was because that court had no power to award a venire to try the fact. But that is not the true reason ; for Lord Chancellor King said it was a great absurdity to suppose the court of exchequer chamber had not power to do justice to the party, on a release of errors pleaded in that court ; and that they might, if necessary, award a venire under the seal of the court of exchequer. *Gomez* v. *Manez,* 2 *Strange,* 821. And so it was decided by the exchequer chamber soon after the passing of the statute organizing that court ; for although Ch. J. Anderson refused to seal the venire, it was not because

the court had not authority to award it, but for the reason that they had no jurisdiction to examine errors in fact. It was upon the same ground that the court of king's bench afterwards refused to grant restitution. *Rew* v. *Long, Cro. Jac.* 5. Whatever difference of opinion may have existed among the judges as to the right of the exchequer chamber to sustain a writ of error for errors in fact, it has been long since settled that they have no such power; and if no error in law is found in the record, the judgment must be affirmed, notwithstanding an error in fact is assigned and admitted by the answer of the adverse party. *Hopkins and Prior* v. *Wrigglesworth*, 3 *Keble's Rep.* 28. 1 *Ventris' Rep.* 207, and 1 *Levinz*, 38, *S. C. Roe* v. *Moore, Conn. Rep*, 597. 2 *Mann. & Ry. Rep.* 285, *note c.* It never was supposed that error in fact could be examined on a writ of error to the house of lords, except when it came before them by way of appeal from the decision of an inferior court, to reverse a judgment given upon a writ of error *coram vobis* in the court below. See *Holt's opinion, Skinner's Rep.* 523. I am therefore satisfied that this court never had jurisdiction to reverse a judgment of the supreme court for error in fact, unless the question had been first examined and decided upon a writ of error *coram vobis* in that court. 2 *Wend. R.* 137. 4 *id.* 175. The power given to this court by the recent revision of the laws, to award an issue when necessary, was not intended to give jurisdiction over causes not before cognizable here, but to enable it more conveniently to administer justice to the parties in relation to those causes where the trial of facts might become necessary on a plea of a release of errors or otherwise.

For this reason, as well as for the others before suggested, I think there is no error in this case which can authorize us to reverse the judgment of the supreme court, and that the same should be affirmed.

The court being unanimously of opinion that the judgment of the supreme court ought to be affirmed, it was affirmed accordingly.