### KAUFFMAN *vs.* COPOUS' EXECUTORS.

Where the supreme court have refused to set aside a *report of referees*, and
the party conceiving himself aggrieved is desirous to sue out a writ of er-
ror, he must obtain a *special* or *supplemental report* from the referees in the
nature of a *bill of exceptions* or *special verdict*, and have the same entered
upon the record; it is not allowable to place upon the record the *conflicting
affidavits* of the parties upon which the motion was heard in the supreme
court, and when they are placed upon the record, *it seems* the writ of error
will be dismissed unless the case is so clear as to admit of no doubt as to the
correctness of the decisions below.

ERROR from the supreme court.  This was a proceeding
in the supreme court under the statute authorizing a refer-
ence where a claim is presented against the estate of a de-
ceased person, and its justice is doubted by the executor or
administrator.  2 R. S. 88, § 36.  A report was made in
favor of the executors of Mary Copous.  Application was
made by Kauffman to the supreme court to set it aside,
alleging various irregularities and errors on the part of the
referees, founded on an affidavit of Kauffman, accompanied
by numerous accounts current and other documents pro-
duced on the hearing of the application, which was resisted on
affidavits made by two of the referees and by the attorney
of the executors.  The supreme court confirmed the report
and rendered judgment accordingly, making, however, an

order that a statement of the facts of the case should be drawn up and incorporated in the record, so that Kauffman might be enabled to prosecute a writ of error. A record was made up; in which, after stating the above facts, *affidavits and documents produced on the motion to set aside the report* were set forth *verbatim,* which the record stated *both parties consented should be regarded as the statement directed by the rule of court,* and then followed a judgment in the usual form for the amount reported, together with costs. Kauffman sued out a writ of error.

ALBANY,<br>Dec. 1836,<br><br>Kauffman<br>v.<br>Copous' Ex'rs.

The cause was submitted to this court on written arguments, and after advisement, an opinion was delivered by the *Chancellor* in favor of an *affirmance* of the judgment of the supreme court, in which all the members present (twenty-six in number) concurred. The chancellor held that there was no irregularity or error on the part of the referees. The only part of the opinion deemed important to be reported is the following:

By the CHANCELLOR. The judgment which we are called upon to review by this writ of error, was rendered upon the report of referees upon a submission by the parties, under the thirty-sixth section of the article of the revised statutes relative to the duties of executors and administrators in the payment of debts and legacies. 2 R. S. 88. Though in form a reference as upon a claim made by Kauffman against the estate of the decedent, it was, in fact, a proceeding to have the accounts between him and the estate settled in a summary and expeditious way, without the employment of counsel or the expense of a protracted law suit. The statute under which these proceedings were instituted directs that they shall be conducted in all respects as if the reference had been made in an action in which the court might by law direct a reference, and that judgment may be entered upon the report of the referees, in the same manner as in ordinary suits. There is no doubt, therefore, as to the power of the *supreme court* to set aside the report of the referees either for irregularity, or for a mistake in point of law, or because it is against the weight of evidence.

ALBANY,
Dec. 1836.

Kauffman
v.
Copous' Ex'rs.

But *this court* is authorized to reverse the decision of the supreme court only for some error in point of law, arising from the facts placed upon the record of the court below in the form of a *special* or *supplemental report* of the referees in the nature of a bill of exceptions or special verdict. The revised statutes evidently contemplate a report of the referees upon the matters of fact, in reference to questions of law which may have arisen out of those facts, or as to the admission or rejection of evidence, as the only proper mode of placing such questions of law upon the record for the purpose of having the decision of the court below reviewed upon a writ of error. The forty-seventh section of the article of the revised statutes relative to consolidating and referring causes, 2 R. S. 384, authorizes the court in which the reference is pending to require the referees to report their decision in admitting or rejecting any witness, in allowing or overruling any question to a witness or the answer thereto, and all other proceedings by them, together with the testimony before them, and their reasons for allowing or disallowing any claim of either party. The object of this provision was to have authentic evidence upon the record as to the several questions, intended to be discussed upon a writ of error; and the revisors, in their note to this section, repudiate the idea of placing upon the record the *ex parte and conflicting affidavits of the parties* or their counsel as the proper evidence upon which to settle the law. When the supreme court, therefore, gave permission to the plaintiff, Kauffman, to have a statement of the facts drawn up and incorporated in the record for the purpose of enabling him to bring a writ of error thereon, he should have had the facts prepared in the form of a special report from the referees, embracing the facts sworn to by the referees, and by the attorney of the executors, and such facts stated in the affidavit of Kauffman as were not contradicted by the referees—rejecting all that part which relates to transactions previous to the reference, as improper; or what would have been the more correct course, his counsel should have asked the court to direct the referees to make a special report as to all the matters stated in the af-

fidavits, so far as was necessary to raise the questions of ALBANY, law which were properly to be discussed upon a writ of Dec. 1836. error. It was altogether irregular for the attorney for the Farmers' Ins. adverse party to consent to place this incongruous and con- and Loan Co. fussed mass of matter upon the record, as a compliance with Snyder. the order of the supreme court, and if there was any real question as to the merits of the case, or any doubt as to the correctness of the decision of the referees in point of law, I should be disposed to dismiss this writ of error without costs to either party, and give to the plaintiff in error permission to apply to the supreme court to direct the referees to make a special report of the facts out of which the questions of law arise, to be incorporated into the record. As however, the case is perfectly free of doubt, in my mind, both as to law and fact, we shall probably save much trouble, and prevent expense to the parties if we dispose of the case upon its merits, so far as we can understand it from the papers before us. [The Chancellor, after considering the several questions presented in argument, concluded by expressing the opinion that the judgment of the supreme court ought to be affirmed; and it was accordingly AFFIRMED.]