ADNA T. DENISON, in error, *vs.* THE PORTLAND COMPANY.

*Error—writ of—when it will not lie.*

A writ of error will not lie to reverse a judgment of the superior court founded upon the award of referees, upon the ground that they 'consulted and called into said reference a third person, whose advice and opinion they adopted and followed.'

WRIT OF ERROR, dated May 6, 1871.

In a plea of error, whereas the said A. T. Denison alleges that

in the process, proceedings, and judgment had before the superior court of the county of Cumberland, and held at Portland on the first Tuesday of April, A. D. 1871, wherein the said Portland Company were plaintiffs, and the said A. T. Denison, defendant, there occurred the errors hereinafter specified, by which the present plaintiff was injured, and for which he therefore seeks that said judgment may be reversed, recalled, or corrected, as law and justice require; that is to say, the following errors:—Because that after the said cause was entered in the said superior court, to wit, on the first Tuesday of April, 1870, at the October term of said court, the said cause was by rule of court referred to two referees without any power to the said referees to call in a third person in case of disagreement, that Wm. Atwood and Charles Staples, jr., were agreed upon as such referees. That after the hearing of such cause, the said referees disagreed and were unable to agree upon the determination of said cause, and notified the counsel of the parties in said cause to that effect, and requested to be empowered to call in a third person as additional referee in said cause. That the counsel for the defense declined to consent to such enlargement of the power of the referees, and moved the said superior court and entered the same motion upon the docket of said court, that the reference be declared dissolved, that thereafter, and after the said disagreement, and after the said refusal to enlarge the power of said referees, and after the said motion to the superior court, the said referees did in fact consult and call into said reference a third person, whose advice and opinion they adopted and followed, and made up a report without authority of court, and returned the same to the said court. That the defendant had valid objections to the acceptance of said report which he intended to urge, but was unable so to do, because he was not notified of the return or acceptance of said report, but supposed the said reference dissolved, that said report was received, accepted, and judgment issued thereon without notice to said defendant as by said record in said cause fully appears. Said report was accepted on the eighth day of April, A. D. 1871. Judgment rendered on the same day for

$439.96 debt, and $95.74 costs.   Execution was issued April 22, 1871.

The defendants pleaded

1. *In nullo est erratum ;* and

.2. A special traverse of the allegations of fact.

The issue of fact was tried by the presiding justice, with leave to except.

The presiding judge found as matter of fact, that the allegations contained in the plaintiff's writ, with respect to the alleged misconduct of the referees, are true ; and ruled, *pro forma*, as matter of law that they constituted error.

Thereupon the defendants alleged exceptions.

*Wm. Henry Clifford*, for the plaintiff.

*Symonds & Libbey*, for the defendants.

APPLETON, C. J.   The writ of error may be brought for error in law or matter of fact.

When the error is error in law it must appear of record.   Nothing will be error in law that does not appear of record, for matters not so appearing are not supposed to have entered into the consideration of the court.   Evidence extraneous to the record is not received.   The court on error in law examine the whole record, and nothing more, and if judgment appears to have been given for one of the parties, when it should have been for the other, they will adjudge it error in law.

In the case before us, the writ alleges ' that in the process, proceedings, and judgment had before the superior court of the county of Cumberland, held at Portland on the first Tuesday of April, A. D. 1871, wherein the said Portland Company were plaintiffs, and the said A. T. Denison, defendant, there occurred the errors hereinafter specified,' etc.   Now if this is to be regarded as a writ for the correction of an error in law, it is clear there is no such error.   The record of the judgment, which is made part of the case, is in the usual form.   It discloses no error upon its face ; the judgment was rendered as it should have been.

'When an issue in fact has been decided, there is no appeal in the English law from its decision, except in the way of motion for a new trial; and its being wrongly decided is not error in the technical sense to which a writ of error refers. So if a matter of fact should exist which was not brought into issue, but which, if brought into issue would have led to a different judgment, the existence of such fact does not, after judgment, amount to error in the proceedings. . . . But there are certain facts which affect the validity and regularity of the legal decision itself; such as that the defendant, while under age, appeared in a suit by attorney and not by guardian, or the plaintiff or defendant having been a married woman when the suit was commenced. Such facts as these, however late discovered and alleged, are errors in fact, and sufficient to reverse the judgment upon writ of error.' To such cases the writ of error *coram nobis* applies ' because the error in fact is not the error of the judges, and reversing it is not reversing their own judgment.' Stephen on Pl. 142. Thus a judgment against an infant, without first appointing a guardian *ad litem*, is erroneous, and may be reversed on error. *Swan* v. *Horton*, 14 Gray, 179 ; *Crockett* v. *Drew*, 5 Gray, 399. So, if judgment be rendered against one *non compos* or insane, by default, it will be reversed. *Leach* v. *Marsh*, 47 Maine, 549. Insanity of a defendant, at the time of the service of the original process, and until judgment rendered, whether the defendant appears personally, by attorney, or not at all, is good cause to reverse a judgment. *Lamprey* v. *Nudd*, 9 Foster, 299.

Irregularities in the conduct of the jury in the court below cannot be assigned for error. *U. S.* v. *Gillies*, 1 Pet. 159. Nor can mistakes of the jury in the computation of interest. *Lovell* v. *Kelley*, 48 Maine, 263.

Nothing of which the party could have taken advantage in the court below, can be assigned for error in fact. *Wetmore* v. *Plant*, 5 Conn. 541. Nor where he might have appealed. *Savage* v. *Gulliver*, 4 Mass. 171. Nor where exceptions might have been taken. *Howard* v. *Hill*, 31 Maine, 420. So, upon the principles upon which these cases rest, when the party could have his review, no writ of error can be maintained.

Denison *v.* The Portland Company.

Wherever a party seeks to reverse a judgment rendered on a report of referees for error in law, the error must appear in the report of the referees or in the record. In *Kauffman* v. *Cofran's Ex'r*, 16 Wend. 478, where the supreme court refused to set aside a report of referees, and the party aggrieved is desirous of suing out a writ of error, he must obtain a special or supplemental report from the referees in the nature of a bill of exceptions or special verdict, and have the same entered of record. The decision is upon the ground that the court can only reverse the judgment for some error in law arising upon the facts placed upon the record.

In *Short* v. *Pratt*, 6 Mass. 496, the error was one of law, and apparent of record. The reference was a statute submission. ' A judgment on a report made under the statute is not legal,' observes Parsons, C. J., ' unless it appears on the record that the report was made pursuant to the provisions of the statute which authorizes the judgment. But it does not appear on this record, that all the referees heard the parties; and this is error, for which the judgment ought to be reversed. . . . It is indispensable in the proceedings under this statute, that the referees should hear the parties, on the matters submitted, and this fact should appear on the record. It does not appear on this record, and for this cause the judgment must be reversed.' But the record before us discloses no error of omission or commission.

The error of fact, as alleged, is the misconduct of the referees in consulting and calling into said reference a third person, whose advice and opinion they adopted and followed. This is not an error in fact for which a writ of error is maintainable.

It would hardly do to hold that a report of referees should be set aside, where there is neither fraud, corruption, nor partiality, because the referees may have consulted some individual in reference to questions of law about which doubts may have arisen. But if the alleged misconduct of the referees in the case under consideration was to be deemed such as would justify the setting aside their report, the party thereby aggrieved would have his remedy by exceptions, if the report should be accepted. If the facts relied up-

on are not known when the report is accepted, but are subsequently discovered, the case will stand like any other case of newly discovered evidence. The remedy of the party will be by petition for review. But in such event there can be no writ of error any more than when there is other or similar misconduct on the part of the jury, and not apparent of record. The law affords an ample remedy by writ of review. *Gooding* v. *Baker.*

The neglect of the counsel for the plaintiff in error to be present at the acceptance of the report, of itself affords no ground for relief. *Crooker* v. *Randall*, 53 Maine, 355.

*Exceptions sustained.*

CUTTING, KENT, DICKERSON, and BARROWS, JJ., concurred.