JAMES W. WOOD, in error, *vs.* NATHAN LEACH.

Knox. Opinion June 5, 1879.

*Error,—writ of. Record. Taxation of costs.*

To reverse a judgment for error in law, the error must be one apparent upon the record, which, or a transcript thereof, the plaintiff must produce; and if no error there appears, none will be presumed.

Documents and records filed in a case form no part of the record thereof unless incorporated in it.

Nothing can be assigned for error in law which contradicts the record.

An irregularity in entering up a judgment is not ground for error.

Error in computation or amount is to be corrected on review.

An erroneous taxation of costs not disclosed by the record affords no ground for the reversal of a judgment.

ON FACTS AGREED.

WRIT OF ERROR, dated March 10, 1878, to reverse a judgment recovered in supreme judicial court, Knox county, March term, 1876, wherein said Nathan Leach was plaintiff and said James W. Wood was defendant, in which action the writ was dated August

18, 1875, entered in Knox county, September term, 1875. Service personal on defendant August 27, 1875 ; and in that action plaintiff's claim was a promissory note, and defendant filed an account in offset, which was contested.

At said March term, 1876, said action of *Leach* v. *Wood* was defaulted under an agreement that the defendant should be heard in damages by some suitable person, and the clerk was named, but he was unable to assess them, and D. N. Mortland was selected to assess damages in said action by the following agreement in writing, filed in said action, viz :

"Supreme judicial court, March term, 1876, *Nathan Leach* v. *James W. Wood.* In the above action we agree that the damages shall be assessed by D. N. Mortland, Esq. Rice & Hall, attorneys for plaintiff. Gould & Moore attorneys for defendant."

Said March term of court, 1876, adjourned finally April 5, 1876.

After due notice said Mortland heard the parties and witnesses on April 13 and 19, 1876, in vacation, and assessed the damages, and found a balance due the plaintiff Leach, and made his report in writing, including therein his fees as assessor, and filed it in the clerk's office April 22, 1876, in vacation. The following is a copy of said report :

"*Nathan Leach* v. *James W. Wood.* I find amount of note and interest to day of judgment to be $50.73. Upon the account in set-off filed by the defendant I find to be due the defendant $11.00. I find the whole amount for which judgment should be rendered $39.73. Amount charged for assessing damages $6.00. D. N. Mortland, assessor."

The clerk entered up judgment upon said report as of said March term, 1876, for $39.73,—the amount of damages found by said Mortland and for $27.36 costs; which said costs included fees for witnesses, viz: Helen W. Davis $1.34, and John Leach $1.34, at hearing before said Mortland, and also included $6.00, the fee charged by said assessor for assessing damages, all under the objection of said Wood.

No report was made by said Mortland to the court, nor was his report acted upon by any judge of the court.

Execution issued on said judgment April 25, 1876, and the

property of said Wood levied upon to satisfy the same. Other facts sufficiently appear in the opinion.

The court to enter such judgment in the case as the legal rights of the parties require.

*A. P. Gould & J. E. Moore*, for the plaintiff, contended, *inter alia :*

I. Illegal costs were allowed. The agreement or rule under which the assessor acted had no provision for his finding as to costs, and without this he could not award them. Morse Ar. and Award, 622–632, and authorities cited.

The clerk, in entering up judgment, could not consider anything that took place before the assessor and not reported by him. The clerk's award as to witness fees is entirely unauthorized.

II. The assessor's award was never returned to, or acted upon by, the court. *Begg* v. *Whittier*, 48 Maine, 314, 316. *Price* v. *Dearborn*, 34 N. H. 486. *Gorham* v. *Hall*, 57 Maine, 58. *Price* v. *Dearborn*, 34 N. H. 481. *Gardner* v. *Fields*, 1 Gray, 151. *Hadlock* v. *Clement*, 12 N. H. 68–73.

*L. M. Staples*, for the defendant.

APPLETON, C. J. This is a writ of error to reverse a judgment rendered on a default.

To reverse a judgment for error in law, the error must be one apparent upon the record. *Kirby* v. *Wood*, 16 Maine, 81. *Conway F. Ins. Co.* v. *Sewall*, 54 Maine, 352. If no error appears upon the record, none will be presumed. *Peebles* v. *Rand*, 43 N. H. 337.

Before a judgment will be reversed, the record, or a transcript of the record, must be produced, for, without the record or its transcript, the court cannot know there is an error or what it may be. It is the duty of the plaintiff in error to furnish the record or its transcript. *Rochester* v. *Roberts*, 5 Foster, (N. H.) 495. The judgment must be brought before the court by the writ of error. *Thompson* v. *Browne*, 39 N. J. 2. Where the error is one of law, the court can only act upon the record or its transcript. *Starbird* v. *Eaton*, 42 Maine, 569. The plaintiff must affirmatively show the error on which he relies. He must there-

fore furnish the record. *Aiken* v. *Stewart,* 63 Penn. 30. *Kille* v. *Ege,* 78 Penn. 15.

The plaintiff in error has furnished neither the record nor a transcript of the same, nor shown reason why it was not done.

In error of law nothing can be received to contradict the record. *Paul* v. *Hussey,* 35 Maine, 97. *Wetmore* v. *Plant,* 5 Conn. 541. *Claggett* v. *Simes,* 31 N. H. 22.

As the plaintiff in error has not furnished the court with the record, or a transcript of the record, we must assume it to have been in the usual form.

The original action was defaulted to be heard by the clerk, but by agreement of parties a hearing was had before D. M. Mortland, Esq., after due notice to the parties, and judgment rendered for the amount fixed upon by the individual agreed upon to assess damages. A copy of the agreement of the parties, and of the amount found due, in accordance with which, as to the sum due, judgment was rendered, is made part of the agreed statement of facts; but it is nowhere asserted or admitted that these facts are incorporated in, or made a part of, the record. It is for the plaintiff in error, if he would seek to take advantage of them, affirmatively to show that they are incorporated in the record; for, if not, and the agreement and decision are merely on file, they constitute no part of the record. Documents and records filed in a case form no part of the record unless incorporated in it. *Valentine* v. *Norton,* 30 Maine, 195. *Kirby* v. *Wood, supra. Pierce* v. *Adams,* 8 Mass. 383.

An irregularity in entering up judgment is not ground for error. *Claggett* v. *Simes,* 31 N. H. 23. *Collins* v. *Walker,* 55 N. H. 437. The remedy is for the party to move in the court where proceedings were had to have the irregularity corrected and the record amended accordingly.

If there was an error of computation, or in the amount, the mistake is one to be corrected by review. *Starbird* v. *Eaton,* 42 Maine, 265. *Lowell* v. *Kelley,* 48 Maine, 265. If damages were not formally assessed by the court or the jury, it should specially so appear of record, for the presumption of law arising from the record as usually made up is that they were legally

assessed. *Fairfield* v. *Burt*, 11 Pick. 246. *Collins* v. *Walker*, 55 N. H. 437.

II. The judgment is sought to be reversed on account of an erroneous taxation of costs, If a mere error of taxation were to be deemed sufficient ground for the reversal of a judgment, the evils resulting from such a doctrine would be incalculable.

This question first arose in *Field* v. *First Mass. Turnpike*, 5 Mass. 389, upon a petition to correct an erroneous taxation of costs,—certain witnesses having been omitted to be taxed. The question was not argued, and there is a *per curiam* decision that the remedy for a mistaken taxation is by error, and the relief to be given will be by reversing the erroneous judgment and entering a right one. In *Southworth* v. *Packard*, 7 Mass. 95, the court refused to reverse a judgment because the items of the bill of cost did not appear. " The objection to the bill of costs should have been made at the common pleas, when the report was made and the costs taxed." In *Jacobs* v. *Potter*, 8 Cush. 236, it was held that a writ of error would not lie to correct a taxation of costs by the clerk, but that the remedy was by appeal. The same question arose in *Day* v. *Berkshire Woolen Co.*, 1 Gray, 421, and the decision in *Jacobs* v. *Potter* was re-affirmed. It may be regarded as authoritatively settled in Massachusetts that an erroneous taxation of costs affords no ground for the reversal of judgment. In this state the question arose in *Valentine* v. *Norton*, 30 Maine, 195, when the court held that error might lie to correct an erroneous taxation of costs. If the error in this case is to be treated as an error in law, as no transcript of the record has been produced, there is no evidence that there is error in the record, and it is for the party alleging error to show its existence. If it be said that there is an error of fact in the taxation, it was decided in *McArthur* v. *Starrett*, 43 Maine, 345, that error would not lie for such erroneous taxation of costs.

The losing party has a right to be heard in costs, and to appeal to a judge if dissatisfied. Or he may move to have costs taxed in term time, and if the taxation is allowed by the justice presiding, he may except to such allowance. When the remedy for erroneous taxation can be heard by exceptions or appeal, error for its

correction will not lie.  *Peebles* v. *Rand, supra.   Conway F. Ins. Co.* v. *Sewall,* 54 Maine, 353.   It is usually in the power of a party by seasonable diligence to raise the question of costs so that · it can be presented on exceptions.   But that a judgment is not reversible for an erroneous taxation of costs we think the better conclusion.

It is thus seen that the writ of error is not maintainable upon the agreed statement of the parties without a copy of the judgment sought to be reversed.

III.  The record has, since the preceding opinion was prepared, been furnished, which shows the entry of the action *Leach* v. *Wood;* that there was an appearance by counsel; that an account in set-off was duly filed ; that the action was continued from term to term to the March term of this court; that the defendant was defaulted ; that the damages were to be assessed by the clerk; that then a written agreement was entered into that the damages were to be assessed by D. N. Mortland ; that an assessment of damages was duly filed by said Mortland, and, " therefore," it was " considered by the court that the said plaintiff recover against the said defendant the sum of thirty-nine dollars and seventy-three cents debt or damage and costs of suit taxed at thirty-seven dollars and thirty-six cents."   The judgment was for the debt assessed by the person agreed upon to assess damages.

The plaintiff had a right to have his damages assessed by a jury.   Not claiming that right, the court might refer the matter to a master or assessor " for informing the conscience of the court, and his doings, being approved and adopted by the court, become theirs."  *Price* v. *Dearborn, supra.   Begg* v *Whittier,* 48. Maine, 314.   Much more, then, may the parties agree upon an individual by whom damages, as in this case, were to be assessed.

The record states by whom damages were assessed, and then proceeds :  " It is therefore considered by the court that the said plaintiff recover against the said defendant the sum of thirty-nine dollars and seventy-three cents debt or damage."   This is an express and full approval and adoption of the assessment of damages as made by the person agreed upon by the parties.

The record upon its face discloses no error. The facts admitted in the agreed statement contradict the record. The extended records of the court can neither be contradicted nor impeached. If erroneously drawn up, the remedy is by application to the court to amend the record. *Dudley* v. *Butler*, 10 N. H. 281. In *Claggett* v. *Simes, supra,* the plaintiff assigned for error, that the judgment to reverse which the writ of error was brought, and which purported to have been rendered and entered up against him was entered by the clerk without the authority or order of the court. It was there held that the assignment was bad as contradicting the record, and that the plea *in nullo est erratum* does not confess the fact. " This assignment," observes Eastman, J., " is a clear impeachment of the record, and therefore bad ; for it is well settled that nothing can be assigned for error which contradicts the record." The authorities are uniform on this subject. *Lavett* v. *Pell*, 22 Wend. 369. *Jarvis* v. *Blanchard*, 6 Mass. 4. " In a writ of error upon a judgment in the palace court held *coram* Jacob Dun Osmond, it cannot be assigned for error that the Duke was not there because that is contrary to the record, though in fact the court was held before his deputy, according to the patent." 3 Bac. Abr. 372. *Molins* v. *Wheatly*, 1 Lev. 76.

It appears by the report of Mr. Mortland that he charged six dollars for assessing damages. It nowhere appears from the record that this sum was included in the costs as taxed. In *Southworth* v. *Packard*, 7 Mass. 95, the court, referring to the costs, say : " We must presume them to be the regular costs of this process."

The alleged error as to costs, not being apparent of record, affords no ground for the reversal of the judgment, even had that been a cause, which it was not.

The parties agreed that the damages should be assessed by an assessor agreed upon. The costs before such assessor, as well as his reasonable fees, are equitably as well as legally to be taxed as a part of the costs in the suit. They are costs resulting from the agreement of the parties, and are as justly taxable as the costs of a reference or a trial. But, whether so taxable or not, the better

opinion is that a judgment should not be reversed for an erroneous taxation of costs.

*Writ denied.*

WALTON, BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.