Parsons, C. J.
The attention of the Court has been called by the counsel for the plaintiff in error to the first exception only in the assignment of errors. And in this we do not think that the court below have erred.
By the statute of 1784, c. 28, § 7, it is enacted that, when process is duly served and returned, if the defendant do not appear by himself or his attorney, his default shall be recorded, and the charge in the declaration shall be deemed to be true; and the court shall thereupon give such damages as they shall find upon inquiry that the plaintiff has sustained; unless the plaintiff shall move for an inquiry into the damages by a jury; and a default of [*5] * the defendant, after an appearance, has always been holden to be within this provision.
Here the court are authorized to assess the damages, unless the plaintiff shall move for a jury. It does not appear that the plaintiff in this case moved for a jury, and it cannot be presumed. The record of the judgment does not explicitly state by whom the damages were assessed, but only “ it is considered by the court that the plaintiff recover the sum of two hundred dollars.” The damages must therefore have been assessed by the court, for which they were legally competent, an inquiry by a jury not being moved for by the plaintiff. The judgment is entered in the ancient and usual form; and to reverse it, because it is not expressly stated that the court inquired into the damages, would be to overturn all our judgments on default, where a jury have not assessed the damages.
This supposed error we have considered for the sake of the *5 practice; but in this case error does not lie, as the plaintiff in error might .have had remedy by appeal. He appeared the first term, and his default must be considered as voluntary after having been served with process. In Savage vs. Gulliver, (1) this subject was considered, and it was the opinion of the Court, that the remedy of any party aggrieved at ajudgment, from which an appeal was given, must be pursued by appeal, unless in cases where, without any loches on his part, he had no opportunity of claiming an appeal. The writ must therefore be quashed, as having improvidently issued.
Ward, for the defendant in error,
moved for costs.
The Court observed that they should have awarded costs, if they had affirmed the judgment; but that they had never granted them where the writ of error was quashed. So Ward took nothing by his motion.
Selfridge for the plaintiff in error.

 4 Mass. Rep. 171.