Parsons, C. J.
The original action was trespass quare clausum, fregit; to which the defendant pleaded the general issue, which was joined; the parties agreeing that under this issue the defendant might give his justification in evidence. On the trial, a verdict was returned for the defendant, and judgment was rendered thereon. The plaintiff did not appeal, as by law he might; but filed a bill of exceptions, which having been allowed by the court below, he now brings error to reverse the judgment.
On inspecting the record, it would seem difficult to support the judgment. But of this we give no decided opinion, as a previous objection to maintaining the writ of error is first to be disposed of. The objection on the part of the defendant is, that error does not lie in this case, because the plaintiff had another remedy by appeal. And it is our opinion that this objection ought to prevail. The statute giving an appeal must be construed as taking away the remedy by error in all cases in which the party aggrieved had opportunity, and might have appealed.
This construction, as a general rule, was settled in the case of Savage vs. Gulliver. (2) (a) And a case in which the party *209 against whom the issue is found has tendered and had allowed a bill of exceptions, is within the reason * of the rule. On appeal from a judgment rendered on verdict, amendments may be made in the declaration or pleadings on reasonable terms, when the justice of the case requires it; and in consequence thereof, a new issue in fact may be joined and tried by the country. As no bill of exceptions will be necessary in that case, no disputes can arise respecting the manner in which it may be drawn, or the conduct of the judge below in allowing it. But if error lies instead of an appeal, because a bill of exceptions is allowed, all this useful and discretionary power of the Court cannot be exercised ; and our only authority will be to affirm or reverse the judgment of the court below. And if the error, on which a reversal is ordered, is such that a new trial be had at the bar of this Court, yet it will be a trial only of the former issue.
Where an appeal lies, the judge below is not obliged to allow a bill of exceptions ; and it would be unreasonable that the party prevailing below should be obliged, against his consent, to submit to the less beneficial proceedings by error in the superior court, instead of an appeal, merely because the judge thought proper to indulge the adverse party with the allowance of his bill of exceptions, when he had no legal claim to any such allowance.
As this case, therefore, appears to us to be within the general rule, judgment must be entered, that the plaintiff take nothing by his writ of error.
It appears, from what was said at the bar, that the intention of the plaintiff, in bringing the question before the Court by writ of error rather than by an appeal, was to avoid the operation of the late statute for establishing the Circuit Courts of Common Pleas. As to the wisdom of the provision alluded to, we give no opinion ; but we cannot consider it as repealing by implication the provisions of the laws respecting appeals, and the practice under those laws.
We can, in this case, relieve the plaintiff in error, by granting him a review, if, on his application, it should appear * that he has not had justice done him, and that his not *210 claiming an appeal arose, not from his own loches, but from the misapprehension of the parties, and of the lower court.

4 Mass. Rep. 171. (a) [In t arms vs. Blanchard, (6 Mass. Rep. 4,) where the defendant appeared at the first term of the Common Picas, and alflerwards suffered a default, it was held he could *209 not maintain a writ of error. But m Putnam vs. Churchill, (4 Mass. Rep. 516,) where the defendant in the Common Pleas agreed that he would not appeal, it was held that he might maintain a writ of error. In Vallier & Al. vs. Hart & Al., (13 Mass. Rep. 300,) where one of the defendants before a justice of the peace was a minor, held that defendants might maintain error. And in Skipwith vs. Hill, (2 Mass. Rep. 36,) and Smith vs. Rice, (13 Mass. Rep. 512,) it was held that any party having had due notice of a suit, and an opportunity to appeal, cannot maintain error; but if he have had no notice of the suit, he may sustain a writ of error. But in Hememoay vs. Hicks, (4 Pick. 407,) it was held that the right to file exceptions was not equivalent to the right to appeal, and that judgment having been rendered on default, error would error would lie. — Ed.]