<div style="float:left">Judge of Prob.<br>vs.<br>Chamberlain.</div>

sion, or contingent, or recoverable only by action. And in case the husband dies before he administers, the right to administer, and to the property, goes to the heirs of the husband. *Coke Litt.* 351, *note.*—6 *John.* 112, *Whitaker vs. Whitaker.*—4 *Coke* 51, *Ognel's case.*—1 *Wilson* 168, *Elliot vs. Collier.*—*Roll's Ab.* 345.—*Comyn's Digest*, "*Baron & Feme*" E. 3.—*Orphan's legacy* 248 —*Bacon's Ab.* "*Baron & Feme*" C.—*Lovelass on Wills* 2.—*Wentworth* 383.—*P. Williams* 380.—*Cro. Car.* 106, *Johns vs. Rowe.*

We are therefore of opinion, that the husband of *Rhoda* is entitled to the legacy given her by her father.

—»»•©•«—

## GRAFTON, NOVEMBER TERM, 1824.

~~~

### JEREMIAH EAMES et al. vs. THOMAS CARLISLE et al.

Where there are several plaintiffs, if any one of them live in this state, the action must be brought in the county, where some of the parties reside; and if brought otherwise, as the objection appears on the face of the writ, the writ may be quashed upon motion. When a writ is quashed, no costs are allowed to either party.

DEBT, upon a bond. The plaintiffs were described in the writ as follows : " *Jeremiah Eames* of Stewartstown, in the " county of Coos, *John Dewey* of Guildhall, in the state of Ver- " mont, and *William Eames* of Newbury, in the state of Ver- " mont, executors of the last will and testament of *James* " *Dewey*, late of Lancaster, in the county of Coos, deceased."

The defendants were described as follows : " *Thomas* " *Carlisle & William Farrar*, of Lancaster, in the county of " Coos, and *Josiah Bellows* of Walpole, in the county of " Cheshire."

The defendants moved the court to dismiss the action, on the ground that the court had no jurisdiction to try the cause in this county.

*Nelson*, for the plaintiff.

*Bell*, for the defendant.

*By the court.*—At the common law, a transitory action may be brought in any county. *Comyn's Digest* " *Action*" N. 6.—*Cowp. Rep.* 181.

But our statute, entitled "an act regulating process and "trials in civil causes," section 4, enacts, "that all personal "or transitory actions, where both parties are inhabitants of "this state, may be commenced in the county wherein ei- "ther of the parties to the suit may be an inhabitant, and "not elsewhere in this state." 1 *N. H. Laws* 49.

Eames et al.
*vs.*
Carlisle et al.

The question is, whether in this case both parties are to be considered as inhabitants of this state, within the meaning of the above clause in the statute ?

It has been decided in the supreme court of the United States, that where the jurisdiction of the Federal courts depends upon the parties being citizens of different states, each of the plaintiffs must be capable of suing each of the defendants in the courts of the United States, to support the jurisdiction. 3 *Cranch* 267, *Strawbridge vs. Curtiss.*

And it seemed to us at first, that to take away the common law right to sue in any county, and to bring the case within the intent of the clause in the statute now under consideration, all the plaintiffs ought to be inhabitants of this state.

But as this provision in the statute was intended to remedy an existing mischief, and to relieve defendants from the vexation of being wantonly sued in distant counties, we are inclined to think it ought to be construed liberally, and are of opinion, that if any of the plaintiffs are inhabitants of this state, the action must be brought in some county, where a plaintiff, or where a defendant, lives, and the case of *Day vs. Jackson,* (5 *Mass. Rep.* 237,) is an authority directly in point. 7 *Mass. Rep* 462.—5 *ditto* 94.—2 *ditto* 544.—9 *ditto* 321.

As the objection appears on the face of the writ, it may be quashed without a plea. 7 *Mass. Rep.* 461, *Hawkes vs. The county of Kennebeck.* This is more favorable to the plaintiff than a plea in abatement, because when the writ is quashed, he is not subjected to costs. 6 *Mass. Rep.* 4, *Jarvis vs. Blanchard.*

*Writ quashed.*