### John Sale *versus* Nathan Pratt.

Under *St.* 1820, *c.* 79, an action may be brought from the Court of Common Pleas into this Court by exceptions, notwithstanding the party excepting might have appealed.

An averment of a lost grant from the owner of a beach to the inhabitants of a town, in their corporate capacity, to the use of all the inhabitants thereof, to take sea-weed for manuring their lands, is not supported by evidence, that individual inhabitants of the town had been accustomed, from a very early period of time, to take sea-weed from such beach for that purpose.

The rule of law established in this Commonwealth, that in all creeks, coves and other places upon salt water, where the sea ebbs and flows, the proprietor of the upland owns the flats to low-water mark, or to the distance of one hundred rods if the sea ebbs further than one hundred rods, applies to the shores of the open sea.

THIS was trespass *quare clausum* for entering the plaintiff's close in Chelsea, which was bounded in part by the sea, and carrying away a wagon load of sea-weed therefrom.

The defendant pleaded three pleas. The first was the general issue.

In the second he averred, that there was a public highway running along the sea-shore or beach in Chelsea, and passing

Sale
*v.*
Pratt.

through the *locus,* and that there was an ancient custom for the inhabitants of that town to go from this highway upon all parts of such shore to gather sea-weed, to be used upon their lands in Chelsea ; and he justified under this custom, as an inhabitant of Chelsea.

In the third plea, the defendant pleaded a grant by a deed now lost, from some former owner of the plaintiff's close, to the inhabitants of the town of Chelsea, in their corporate capacity, vesting in them and in every inhabitant of the town the right to go, at all times, from the highway over and upon the beach lying within the plaintiff's close, for the purpose of gathering sea-weed, and justified, as an inhabitant of the town and a member of the corporation.

The plaintiff, in his replications to the second and third pleas, traversed the averments of an ancient custom and lost grant. Issue was joined on these replications.

At the trial, in the Court of Common Pleas, before *Ward* C. J., it appeared, that the defendant took the sea-weed from the beach between the plaintiff's upland and the sea, and within one hundred rods of high-water mark ; and that this beach was upon the open sea, and not upon any cove, river, harbour or arm of the sea.

The defendant offered divers witnesses, who were inhabitants of Chelsea, to prove the existence of the custom set forth in the second plea, and also to prove the enjoyment of the privilege set forth in the third plea, for such a length of time as would afford presumptive evidence of a grant.

The plaintiff objected to the admission of these witnesses The judge ruled, that, being inhabitants of Chelsea, they were interested in the event of the suit ; and their testimony was excluded.

The defendant requested the judge to instruct the jury, that the plaintiff's close being bounded upon the open sea, he had not the right of property in the soil below high-water mark ; but the judge instructed the jury, that the plaintiff, being the owner of the upland, was also owner of the flats (not exceeding one hundred rods) to low-water mark.

The jury returned a verdict for the plaintiff, upon all the issues.

The defendant excepted to the ruling of the Court and the instructions given to the jury.

The action having been brought into this Court, the plaintiff moved, that it might be dismissed, on the ground, that the defendant was entitled to appeal, and therefore could not file exceptions.

*W. J. Hubbard* and *Watts*, for the plaintiff, cited in support of this motion, *Blood* v. *Kemp*, 4 Pick. 169 ; *Purple* v. *Clark*, 5 Pick. 206 ; *Piper* v. *Willard*, 6 Pick. 461 ; *S. C.* 10 Pick. 34 ; *Hovey* v. *Crane*, 10 Pick. 440 ; *Champion* v. *Brooks*, 9 Mass. R. 228 ; *Savage* v. *Gulliver*, 4 Mass. R. 171 ; *Ely* v. *Ball*, 8 Pick. 352.

*March 16th.*

*B. R. Curtis*, for the defendant.

SHAW C. J. delivered the opinion of the Court. It seems quite clear, in the present case, that the defendant had a right to appeal. It was trespass *quare clausum* before the Court of Common Pleas, and two several pleas were filed, alleging a right of way and a right to take sea-weed, in the *locus in quo*. The cause was tried in the Court of Common Pleas, and either party had a general right of appeal from the judgment. *Blood* v. *Kemp*, 4 Pick. 169.

*March 27th.*

Still the question recurs whether, having a right of appeal, the defendant did not waive it by filing exceptions in matters of law, pursuant to the statute. If the case was rightly brought up on exceptions, then dismissing the exceptions would not reinstate the cause in the Court of Common Pleas, so as to enable the defendant to appeal. That was done in the case of *Ely* v. *Ball*, 8 Pick. 352 ; but it was on the ground, that the exceptions had been improperly taken to an interlocutory order, no final judgment was entered in the action, and notwithstanding the exceptions, the cause was still pending in the Court of Common Pleas.

Then the question depends on this ; whether a party having a right of appeal, may legally waive it, and allege exceptions to the decisions of the Court of Common Pleas in matters of law, and upon their allowance enter his action in this Court to be heard on the exceptions. It depends upon the construction of the *St.* 1820, *c.* 79. The 4th section gives the right of appeal. The 5th section provides, that it shall be lawful for any person

aggrieved by any opinion, direction or judgment of the Court of Common Pleas, in any matter of law, to allege exceptions to the same, which being reduced to writing, &c. and found conformable to the truth, shall be allowed and signed by the judge of that court. It then provides, that further proceedings in the Court of Common Pleas shall be stayed, the action shall be entered in the Supreme Judicial Court, &c. as in case of appeal, and the Supreme Judicial Court shall have cognizance thereof, and consider and determine the same action, in the same manner as where questions of law are reserved at trials at *nisi prius* in the same court, and may render judgment, and issue execution or grant a new trial, as law and justice shall require.

It is very obvious, that when the exceptions are rightfully taken, and the cause rightfully brought up, it must suspend the right of appeal. It is a substitute for it, or rather a peculiar mode of appeal, and inconsistent with the right of appeal in common form.

There is certainly nothing in the terms of the statute, which renders the right to file exceptions conditional, or dependent upon the fact, that the party has not a general right of appeal; and there is nothing from which such a restriction can be implied.

Nor are we aware that there is any thing in the nature of the subject, which can lead to a belief, that the legislature intended any such restriction. A party may justly believe, that his case depends mainly upon questions of law, though the position of the cause is not such as to present them on demurrer. They may however be easily placed on the record in the form of exceptions. With these he may go at once to the Supreme Judicial Court, unincumbered with other questions in controversy, depending perhaps upon controverted facts, difficult of proof, though, in his opinion, capable of proof, with considerable difficulty and expense. The questions of law, embracing the merits of the case, are thus presented early and distinctly. If they are settled in his favor, he either has judgment, if the case is so situated as to admit of it, or he proceeds to a full trial in this Court, with the benefit of the law settled in his favor. If the law is decided against him, it goes to the merits, it finishes the cause, without further delay or expense, and is much more

beneficial to him, than to have the same decision in matter of law, after a long litigation.

This case is quite distinguishable from that of a writ of error. In *Champion* v. *Brooks*, 9 Mass. R. 228, it was held, that a writ of error would not lie, in a case where the plaintiff in error had had a general right of appeal, and had declined taking it. That decision was before the statute now under consideration, and the reasons, on which the decision was founded, do not apply to the case of bringing up a cause by exceptions, under the statute. One principal reason assigned was, that upon a writ of error, the Court can only affirm or reverse a judgment, and that in many cases where errors exist in the record, if brought up by appeal, amendments might be allowed in the declaration and other pleadings, new issues might be joined and tried, and errors in the first judgment corrected ; whereas on a writ of error all this useful discretionary power would be unavailing, and the only power of this Court would be to reverse the judgment. Another reason there assigned was, that where an appeal lay, the Court was not obliged to allow a bill of exceptions. But by the statute since passed, it is expressly declared to be the right of the party, to file exceptions, and it is made the duty of the presiding judge to allow and sign them. But the other, and by far the most important reason also fails. On a writ of error, if there be any error in the judgment the court of error can only reverse the judgment in whole or in part. But on exceptions allowed, and the cause brought up under the statute, if the exceptions are sustained, and the judgment found to be erroneous, the judgment is not merely reversed, but the parties then may have a new trial in this Court, with all the benefits of amendment and other proceedings as if the cause were brought up in the ordinary course of appeal.

The judicial decisions do not throw much light upon the construction of this statute. The case mainly relied upon, by the defendant, was that of *Piper* v. *Willard*, 10 Pick. 34. The judgment there passed without opposition, and without inquiry ; and it seemed to be taken for granted, that if an appeal lay, exceptions could not be filed ; and the only case cited was that of *Richards* v. *Allen*, 8 Pick. 405. In the case of *Piper* v. *Willard*, the trustee had filed exceptions, instead of

Sale
v.
Pratt.

appealing. The case of *Richards* v. *Allen* established the point, that in such case the trustee might appeal, and nothing more. The point now under consideration, was not made the subject of inquiry.

In *Purple* v. *Clark*, 5 Pick. 206, it was decided, that since the statute of 1820, which gives a right of appeal in personal actions, only where an issue has been joined, when an order has been passed by the Court of Common Pleas, dismissing an action for want of an indorser, the plaintiff has no right of appeal ; but it was also decided, that this order was a direction in matter of law, to which he might have alleged exceptions, and thus brought the action up to this Court. It was also decided, that these two provisions, for allowing appeals, and for alleging exceptions, having embraced the whole subject matter of appeals, as allowed by the old statute of 1782, had, by implication, reapealed that statute, so that the whole matter of the right of appeal depended on the terms and the construction of the statute of 1820, the clause in relation to alleging exceptions. The Court, remarking upon this statute, say it was intended to cover all cases, which should be determined by the Court of Common Pleas, in which, for any cause, there was no right of appeal, or where the party alleging exceptions might choose to waive his right of appeal, and rest his case solely on the matter of law, decided against him. This implies very clearly, that he has his election. It is not very strong, as an authority, but it shows how the statute was then considered by an eminent judge.

On the whole the Court are of opinion, that an option is given to a party, to allege exceptions, and bring his case to this Court for adjudication on the matters of law, although he had at the same time a right of appeal which he might have taken if he had preferred so to do. The case is rightly before the Court and cannot be dismissed for want of jurisdiction, as moved for.

After this decision the case was argued upon the exceptions.

June 28th

SHAW C. J. At the trial, the defendant, to support his plea of a grant, relied upon proving, that the inhabitants of Chelsea had long been used to take sea-weed from the beach, and ex

pected to show from the length of time and the extent of this usage, that it would support the plea of a lost grant ; and several persons, inhabitants of the town, were offered as witnesses, who were rejected. Without deciding, whether the inhabitants of Chelsea were incompetent on the ground of interest, the Court are of opinion, that the evidence was rightly rejected, on the ground that it had no tendency to prove the issue tendered by the defendant. The evidence offered was, the testimony of witnesses to prove that sundry inhabitants of Chelsea had, from a very early period, been used to take seaweed from this beach, to enrich and fertilize their lands. The grant pleaded was, of a right and privilege to the town of Chelsea, as an ancient corporation, to the use of all the inhabitants thereof, to take sea-weed ; and this was the fact to be proved. Now however strongly the fact, that certain individuals, however numerous, had been in the habit of taking sea-weed from this beach for their own use, might tend to show a grant to themselves, or their ancestors, either as a personal privilege or as a privilege to them in right of their being owners and occupiers of particular estates, it would have no tendency to prove a grant to the town as a corporation. This evidence therefore was rightly rejected.

The other point is one of great interest and importance to those who own estates upon the sea-shore ; but we think it was settled by the case of *Barker v. Bates,* 13 Pick. 255. The exception to the instruction of the judge of the Court of Common Pleas is founded upon the supposition, that the right of property of one bounding upon the sea or salt water to low water mark, if not over one hundred rods, where the tide ebbs and flows, is limited to lands lying upon creeks, coves and arms of the sea, and does not apply to places bounding on the open sea. But the Court are of opinion, that as well by the terms of the Old Colony ordinance, as by the ancient usage and practice of the Colony, Province and State, the right of property to low water mark, or one hundred rods, extends to all places where the tide ebbs and flows, including as well the shores of the open sea, as those of creeks and coves. The language of the Old Colony ordinance is, in all creeks, coves and other places, about and upon salt water, where the sea ebbs

17*

Sale
v.
Pratt.

and flows.   The object was to fix and establish a great princi-
ple, changing, to some extent, the ancient law of the realm in
this respect ; and all the reasons, which apply to creeks and
coves, apply to the shores of the sea ; the words are broad
enough to include them ; and this, we think, is supported by
ancient usage.

*Exceptions overruled and judgment of Court of Common
Pleas affirmed.*