### JACOB MONK *vs.* CHESTER GUILD.

The rule, that a writ of error will not lie where the party aggrieved is entitled to an appeal, applies to the case of a defendant, whose motion to dismiss the action against him for want of due service is overruled by the court below, and who there upon withdraws his appearance and is defaulted.

WRIT of error to reverse a judgment of the court of common pleas rendered in this county, at April term 1839, in favor of said Guild against said Monk. The error assigned was, that said Monk, prior both to the service and date of the original writ, had removed his domicil from this Commonwealth, and resided in the State of New York, and there continued to re- side to the time of bringing this writ of error ; and that no attach- ment of his goods or estate, effects or credits, was made on said original writ.

The parties agreed upon the following facts : Said Monk, in the spring of 1838, removed his domicil from Massachusetts and went to reside in the State of New York, where he has ever since resided ; but said removal was unknown to said Guild ; and thence to the time of rendering the judgment, said Guild did not know that said Monk was absent, except for a temporary purpose, as he had usually before been. The decla- ration in the writ, which was the foundation of the judgment, was upon a promissory note given by said Monk to said Guild. The writ was dated June 29th 1838, and was served, on the

18th of August following, by a deputy sheriff, who returned thereon that he had made diligent search for the property and person of said Monk, and was not able to find either within his precinct; but that he had attached a billet of wood, as the property of said Monk, and left a summons, for his appearance at court, at Mrs. Cole's in North Bridgewater, that being the last and usual place of his abode within this Commonwealth; not being able to find any agent or attorney of said Monk, within this Commonwealth, with whom to leave a summons.

On the entry of said action at September term 1838, the said Guild suggested on the record that said Monk was out of the Commonwealth, and took an order of notice in the usual form. At the succeeding December term, said order of notice not having been complied with, said Guild took out another order of notice in the alternative, which was duly served on said Monk at his residence in Troy, N. Y. on the 30th of March 1839, by reading to him an attested copy of said order

Prior to September term 1838, said Monk directed an attorney to appear generally in defence of said suit, but said attorney did not appear until April term 1839. He then appeared and moved the court to dismiss the action, for the reasons stated in the present assignment of errors, and made such motion in writing, which motion the court of common pleas refused to grant, and said attorney then withdrew his appearance. Judgment was thereupon rendered, and execution issued thereon, which is wholly unsatisfied.

*E. Ames*, for the plaintiff in error.

*Clarke*, for the defendant in error.

SHAW, C. J. If the validity of the judgment sought to be reversed were properly before the court on this writ of error, we are very doubtful whether it could be supported. But a preliminary question arises whether the writ of error is rightly brought.

It has been held, in a series of cases, so as to become a rule established by authority, that where the alleged erroneous judgment of a lower court was open to an appeal, and where the plaintiff in error was in such a condition, that without laches he

could avail himself of his right to appeal and did not do it, he cannot have a writ of error. *Savage* v. *Gulliver*, 4 Mass. 178. *Jarvis* v. *Blanchard*, 6 Mass. 4. *Champion* v. *Brooks*, 9 Mass. 228.

The reasons on which the rule is founded are, that the remedy by appeal is more simple, more prompt, less expensive and circuitous ; and if the supposed error is of such a nature that it can be corrected by amendment, a writ of error would be wholly unnecessary. Indeed it is now settled (Rev. Sts. *c*. 100, § 24) that no judgment shall be reversed for any defect in matter of form, which might by law have been amended.

The rule, that he who has a right to appeal shall not bring error, applies of course to cases only where the party had an opportunity to appeal. If he never appeared, or was never duly summoned, and judgment was rendered against him by default, the case would be very different. *Gay* v. *Richardson*, 18 Pick. 417. *Arnold* v. *Tourtellot*, 13 Pick. 172. The cases of *Tingley* v. *Bateman*, 10 Mass. 343, and *Nye* v. *Liscombe*, 21 Pick. 263, were decided on plea in abatement or motion to dismiss ; and, though good authorities on the other point, have no bearing on this.

It does not appear in this case, whether the *ad damnum* was over $ 300, so as to give an absolute right of appeal under *St.* 1838, *c*. 165 ; but if it was not, the defendant had only to put in writing his motion to dismiss the action, and the decision overruling it, in the form of a bill of exceptions ; in which case it would become a part of the record. Then, if he was right in contending that he was not bound to answer, for want of due service of the writ, after a final judgment, either *pro forma* or upon the merits, he would have the same benefit, in the summary mode of exceptions, of having the opinion of this court upon the question, as he could have in the case of an appeal in the ordinary form.

We are all of opinion, that if the defendant in the original suit was not duly summoned, his appearance by an attorney to take the exception and make a motion to dismiss the action was not a waiver of his exception. 7 Mass. 29. 12 Mass. 39. 19 Pick. 247

*Plaintiff in error takes nothing by his writ.*