WELDEN et al. vs. LEGATE.

A writ of error will not lie to an order or decree of the district court in an equity cause; the only remedy for the party aggrieved is by appeal. *Delaplaine v. Madison*, 7 Wis. 407.

ERROR to the district court for *Iowa* County.

A writ of error was issued to review a final decree in an equity cause, and the defendant in error moved to quash

the writ for the reason that a decree in equity could not be reviewed upon a writ of error.

*F. J. Dunn*, for defendant in error.

*Ben. C. Eastman*, for plaintiff in error.

IRVIN, J. This case came up on error to the district court of Iowa county, sitting as a court of chancery, and is here met by a motion on the part of the defendant in error, "to quash the writ of error herein and dismiss the proceedings from this court for the following reason : No writ of error lies in a chancery cause from the district court to the supreme court of Wisconsin Territory, but an appeal alone."

In support and resistance of this motion, many authorities have been referred to. Is it true that a writ of error does not lie from this court to the district court in chancery causes? For, if that be true in law, then the writ was improvidently awarded, and would have to be quashed.

By the 9th section of the act establishing the Territorial government of Wisconsin, the judicial power of the Territory is "vested in a supreme court, district courts, probate courts, and in justices of the peace." "And the said supreme and district courts, respectively, shall possess chancery as well as common-law jurisdiction." "And writs of error, bills of exceptions, and appeals in chancery causes, shall be allowed in all causes, from the final decisions of the said district courts to the supreme court, under such regulations as may be prescribed by law, but in no case removed to the supreme court, shall a trial by jury be allowed in said court." So far therefore, as this act of congress, commonly called the organic law (and which is to us as a constitution) is concerned, it is very plain that the mode provided for taking cases in chancery, from the district courts to the supreme court, is by appeal, and in no other way.

The legislature of the Territory, as will be seen on page 295 of the Statutes of Wisconsin (§ 101), has prescribed the regulations, as they were required by the organic law

to do, in which it is provided, that "when any person, being complainant or defendant, shall think himself aggrieved by the decree or final order of a district court sitting as a court of chancery, such person may enter an appeal within thirty days to the supreme court, from such decree or final order, on giving bond with good security, in such sum as the judge of the district court shall order, conditioned to pay, satisfy and perform the decree or final order of the supreme court, and all costs, in case the decree or final order of the district court shall be affirmed ; and if the decree or final order of the district court shall be affirmed, the supreme court may award such damages against the appellant as they may think proper, not exceeding twenty-five per cent on the amount of the money, or other subject-matter of such decree." Thus it will be perceived that the legislature, in prescribing the regulations for an appeal, have made them peculiar, differing altogether from the regulations prescribed for taking up by writ of error, its appropriate and undisputed subjects. PARSONS, Ch. J., 4 Mass. 178, in disposing of a similar question, says, in speaking of an appeal, "it is less expensive and more convenient than a writ of error, and further relief may be granted on an appeal than can be on a writ of error.   On an appeal, the cause of error may be removed by amendment; mistakes in fact on the merits, may be corrected, neither of which can be done on error ; and, at the same time, an erroneous judgment below may be amended by the court having appellate jurisdiction.   The statute in giving an appeal has, in our opinion, taken away, by reasonable implication, the remedy by error, unless in cases where the aggrieved party, without any laches on his part, could not avail himself of an appeal.   But if it appears on the record that the plaintiff in error might have appealed, the court will, *ex officio*, quash the writ; or the court will quash it on a plea in abatement, disclosing the plaintiff's remedy by appeal.   In this case, it appears on the record that the plaintiff in error might have sought his remedy

by an appeal to the common pleas. He cannot come to this court *per saltum*, but he ought to have appealed, and if dissatisfied with the judgment of the common pleas, he might then have sued out his writ of error."

In the examination of the case at bar, it not only appears that the plaintiffs in error might have appealed by the provisions of the statute, but that they did pray an appeal from the district court which was granted to them, and why they abandoned that clear and undisputed remedy, for one so questionable, this court cannot even conjecture.

In 6 Mass. 5, he reiterates the same opinion. See, also, 2 Wheat. 132.

It would be difficult to conceive upon what ground, under the peculiar statutory provisions as contained in the organic law and the act of the legislature of the territory, the idea of bringing the cause here on writ of error rested, unless it was supposed, that there was something in the very nature of a writ of error which bid defiance to, and would bear down all legislative provisions : but inasmuch as we cannot recognize in it any such quality, but on the contrary, declare it as fully a subject of legislation as an appeal is, we must hold it equally as liable to legislation. The statutes, as we have already seen, provide an appeal, and an appeal only, as the proper remedy for the party aggrieved, and to which we must hold the plaintiffs in error as the only proper remedy. It is therefore considered, that the writ of error was improvidently sued out, and that the same be quashed.