### George W. Simpson *versus* Frederick A. Wilson.

Exceptions to the rulings of a justice of the peace, on the trial of an action before him, to recover a fine alleged to have been incurred by a soldier for non-appearance at a company training, are only authorized by what may be deemed to be the common law in this country, originating under the statute of Westminster 2, 13 Edw. 1, c. 31.

The justice should certify, that such exceptions were allowed and were in conformity to the truth, and should affix his signature and seal thereto.

On such exceptions this Court can only affirm or reverse the judgment.

In proceedings in error, there should be a strict adherence to the rules of law.

In order to obtain the reversal of the judgment of the justice, by a writ of error, sufficient cause for the reversal should appear, either upon the record, or upon legal exceptions.

Writ of error, brought to reverse a judgment before a justice of the peace, rendered in an action in favor of Wilson,

as clerk of a company of militia, against Simpson to recover a fine for neglecting to appear at a company training.

The questions, whether the original suit could be maintained under the circumstances stated in the papers before the Court, were argued in writing by

*J. C. Talbot, Jr.,* for the plaintiff in error : — and by

*J. E. F. Dunn,* for the original plaintiff.

The case was disposed of without considering the questions argued by the counsel.

The opinion of the Court was drawn up by

WHITMAN C. J. — This writ of error has been sued out to reverse the judgment of a justice of the peace. The original action was debt, instituted to recover certain forfeitures, incurred by the plaintiff in error for non-appearance at the trainings of a company of militia, of which he was alleged to be a member. The judgment of the justice being against him he took exceptions to his rulings in the admission of evidence, and reduced his exceptions to writing. The justice appears to have affixed his signature thereto, without his seal, and without certifying, that the same were allowed, or that they were in conformity to the truth. The allowing of exceptions could only have been authorized, in such case, by what may be deemed to be the common law in this country, originating under the statute of Westm. 2, 13 Ed. 1, 31. The plaintiff, nevertheless, relies upon his exceptions, thus taken and authenticated, to establish the supposed errors.

But the errors, not appearing of record, should be made apparent by a bill of exceptions, authenticated in conformity to the statute of Westminster. Such exceptions are not like those which, under certain statutory provisions, may be summarily filed, and in which the Court, in case exceptions are sustained, may proceed to a decision as if the cases, in which they may be filed, had originated therein. The bill of exceptions in the case before us, if duly authenticated, would only authorize an affirmance or reversal of the judgment in ques-

tion, as is fully elucidated in *Champion* v. *Brooks*, 9 Mass. R. 228.

Again — whether any issue has ever been joined between the parties, so as to bring the questions, intended to be raised, properly before the Court, is not apparent from any document with which we are furnished. The arguments of the counsel are, however, in writing, and we may infer from them, that they consider the case the same as if *in nullo est erratum* were pleaded. This, however, would not cure the defect, if it exists. In proceedings in error there should be a strict adherence to the rules of law, as they do, at least sometimes, tend to the perversion of substantial justice, and have, not unfrequently, more to do with matters of mere form, than with the real merits of the case.

On the whole, the plaintiff can take nothing by his writ of error; and the defendant must recover his costs.