## WEST *v.* WENTWORTH, APP'T.

On dismissing an appeal from a justice's judgment, upon the appellant's motion, for the reason that the recognizance was taken with only one surety, the appellee is entitled to costs in the court of common pleas.

APPEAL from a justice's judgment.

The action was commenced before a justice of the peace, and judgment was rendered for the plaintiff for the amount claimed in the suit. The defendant claimed an appeal, which was allowed by the justice upon the defendant's entering into a recognizance with one surety only. The action was entered in the court of common pleas by the defendant, November term, 1849. At a subsequent term the defendant moved that the action be dismissed, upon the ground of the insufficiency of the recognizance, and it was dismissed. Thereupon the plaintiff moved the court to be allowed his costs in the court of common pleas, to which the defendant objected.

WOODS, J. The defendant, in this case, entered in the court of common pleas an appeal from the judgment of a justice of the peace, which, by reason of its having been irregularly granted, the court *ex officio*, upon the appellant's motion, dismissed. The plaintiff, the appellee, claimed costs in the court of common pleas, as having been the prevailing party in that court.

In the case of *Eames* v. *Carlisle*, 3 N. H. Rep. 130, the writ was quashed, on motion of the defendants, for want of jurisdiction, the residence of the parties not having admitted the action to be brought in that county. And the court say, " As the objection appears on the face of the writ, it may be quashed without plea. This is more favorable to the plaintiff than a plea in abatement, because when the writ is quashed, he is not subjected to costs." The case of *Jarvis* v. *Blanchard,* 6 Mass. Rep. 4, is cited in support of the

latter proposition, and the opinion seems to rest entirely upon the authority of that case. That was a case in which a writ of error was quashed for the reason that the plaintiff in error was entitled to an appeal from the supposed erroneous judgment of the court below, and, therefore, could not bring a writ of error.

In an earlier case in that State, the proposition is more distinctly laid down, that costs are not allowed in any case, not even upon a plea in abatement, where the court has no jurisdiction. *Williams* v. *Blunt*, 2 Mass. Rep. 207.

But the courts in that State have seen cause since to reconsider and qualify that principle, and finally, in the case of *Hunt* v. *Inhabitants of Hanover*, entirely to overrule it. The court in that case very justly say, " Now it is quite apparent that in all actions made returnable to this court or to the court of common pleas, the court to which the same are returnable has, for some purposes, a jurisdiction of the case. It must necessarily entertain jurisdiction, so far as to hear and determine the question of jurisdiction generally. The parties may appear for this purpose; they are entitled to be heard, and may demand an adjudication. If the question arises in the court of common pleas, the same may be brought by exceptions to this court, or if dismissed by a judge of this court, at a *nisi prius* term, may be reserved for the consideration of the whole court. The clerk of the court does not, of his own authority, dismiss an action for want of jurisdiction, but only through the instrumentality of the court, and by their order. The action is, therefore, upon its entry pending in court."

We are satisfied with this view of the subject, and are inclined to adopt it in cases not falling within the precise conditions of those with regard to which a different principle has been applied by an actual decision of this court, to which we have already referred.

The case of *Eames* v. *Carlisle* is distinguished from the present in two important particulars. It originated in the

West *v.* Wentworth.

court in which the proceedings were quashed, and afforded to the defendant an option between a plea in abatement, carrying costs, as that case would seem to imply, and a summary motion, on which they were in that case denied.

In awarding costs to the appellee in this case, therefore, we do it, distinctly excluding the inference that in another, corresponding in all respects with *Eames* v. *Carlisle*, we should decide otherwise than is there decided.

*Costs allowed,*