## LYFORD *v.* BRYANT.

Where a writ is quashed, on motion, for a defect apparent on its face, the defendant is entitled to costs, under the Revised Statutes.

IN ERROR. The writ was brought to reverse a judgment rendered in the court of Common Pleas for the county of Grafton, in favor of the defendants, against the plaintiff in error, for costs.

Two errors were assigned : First, that judgment was rendered that the plaintiff's writ be quashed, when it should have been that the writ be sustained, and that the defendants answer to said action. Second, that judgment was rendered that the defendants recover their costs, taxed at six dollars and fifty cents, with seventeen cents for a writ of execution, when the judgment should have been that the defendants recover no costs, and no writ of execution ought to have been issued.

*Lyford,* pro se.

*Bryant,* pro se.

BELL, J. No question is contested before us but the liability of a plaintiff, whose writ is quashed for some defect, apparent on its face, to the payment of costs ; and we are referred to the case of *Ames* v. *Carlisle,* 3 N. H. 130, in which it was expressly decided that when a writ is quashed on motion, the plaintiff is not subjected to costs ; and the court cite the case of *Jarvis* v. *Blanchard,* 6 Mass. 4 ; and no case it is said can be found conflicting with those decisions.

On the other side, it is admitted that such is the effect of the early decisions; but it is contended that the law upon the subject of costs was essentially changed by the

Revised Statutes which provide that "costs shall follow the event of every action, or petition, unless otherwise ordered by law or by the court." Ch. 191, sec. 1. And by section 7, "in all actions or petitions pending in the Superior Court, or Court of Common Pleas, the said courts may, on motion, and on good cause shown, limit and allow such costs as they may deem just and reasonable." In *Bean* v. *Brackett,* 35 N. H. (4 Fogg) 90, it is said the settled construction of the first section is, that the party prevailing in any action or petition, is entitled to costs, unless the law makes a different provision, or the court makes a different order ; and it seems to be just and reasonable that the party who shows that he could not obtain his legal right without a suit, should recover the expenses of a proceeding to which he has been driven by the fault or the folly of the other side. Under these provisions, costs were allowed in *Ballou* v. *Smith,* 31 N. H. (11 Fost.) 414, and in *Fox* v. *Whitney,* 32 N. H. (1 Fogg) 468, upon a petition for a mandamus ; in *Bean* v. *Brackett,* upon a petition to redeem a mortgage. And in *Clement* v. *Wheeler,* 25 N. H. (5 Fost.) 368, the rule is laid down, that, in "equity as well as at law, the prevailing party is entitled to costs. The failing party must show the court that it would be contrary to the ordinary principles of justice that he should pay the costs of the proceeding."

Upon a plea in abatement, which might be filed for the same cause for which the writ in the case before us was quashed on motion, it would be a matter of course that costs should be allowed ; and we see no good reason for making a distinction in such a case. Upon a proper application to the court they seem to us to have been fully warranted to allow costs in this case, under the seventh section, before cited.

It is said that the cause for quashing the writ was, that it was drawn upon a blank which had been before used for the commencement of another action which had been

entered in court. Beyond doubt, such a blank, having been once so used, has performed its office, and it has ceased to be capable of use to draw a valid writ upon afterward. The uniform practice has been to quash writs so drawn at once, and there seems to us no doubt of its propriety.

As the errors assigned are not sustained, there must be

*Judgment for the defendant.*