The opinion of the Court was afterwards delivered as fol lows by
* Parsons, C. J.
The proceedings of a justice of the [* 178 ] peace, in an action commenced before him, in which either party aggrieved at his judgment might have appealed to the Court of Common Pleas, have been brought before us by writ of error. We are satisfied that the writ issued improvidently, and for that cause must be quashed.
Titis Court, from the powers given it, has a general jurisdiction to correct errors in the proceedings of inferior courts, either by writ of error or by certiorari, according to the nature of those proceedings, in all cases where another remedy for the party aggrieved is not provided. From all judgments of a justice, where the party may appeal to the Common Pleas, and from all judgments of the Common Pleas, where an appeal lies to this Court, the remedy by appeal ought to be pursued. It is less expensive and more convenient than a writ of error ; and further relief may be granted on appeal than can be on a writ of error. On appeal, the cause of error may be removed by amendment; mistakes in fact on the merits may be corrected; neither of which can be done on error; and at the same time, an erroneous judgment below may be amended by the Court having appellate jurisdiction. The statute, in giving an appeal, has, in our opinion, taken away, by a reasonable implication, the remedy by error, unless in cases where the aggrieved party, without any loches on his part, could not avail himself of an appeal.
*162 But if it appear on record that the plaintiff in error might have appealed, the Court will, ex officio, quash the writ; or the Court will quash it on a plea in abatement disclosing the plaintiff’s remedy by appeal. In this case, it appears on the record that the plaintiff in error might have sought his remedy by appeal to the Common Pleas. He cannot come to this Court per saltum, but he ought to have appealed, and if dissatisfied with the judgment of the Common Pleas, he might then have sued his writ of error.
As the point intended to be submitted to the Court is of general importance to the' militia, we will give our opinion upon it.
The eighteenth section of the statute of 1793, c. 14, declares what arms and equipments' each private soldier shall at all times [ * 179 ] be provided with. In the nineteenth, twentieth, * and twenty-fourth sections, penalties were imposed on the neglect of the soldier to appear on the parade, with his arms and equipments. If he neglected to appear, he was liable to a fine of ten shillings, and also to a fine of twenty shillings, if his arms and equipments were not on the parade. If part of them were there, then to a fine of such a part of the twenty shillings, as the articles of his arms and equipments absent were in proportion to the whole articles required; which proportion, from the nature of the equipments, it must have been difficult to ascertain. But the justice was bound to exercise his discretion. If the soldier appeared with his arms and equipments not in good order, he was to be fined three shillings; and perhaps a proportion of the twenty shillings for the articles not present. If he was absent, and his arms and equipments complete, he was then subject to a fine of ten shillings only. Sc that in every case where he was liable to a fine, he was liable tc more than one, except when all his arms and equipments were or the parade, and in good order.
To avoid this variety of fines, and perhaps to compel the personal appearance of the soldier on the parade, when he has no reasonable excuse, was the intention of the sixth section of the additional act. (Stat. 1805, c. 114.) By this section, for every default of appearance, armed and equipped, at a battalion or regimental muster, the soldier forfeits four dollars, and this sum is forfeited, whether he is present, not armed and equipped, or absent, and his arms or. equipments are, or are not, on the parade. But if the default be at a company muster, the penalty is only two dollars. And no other fines is he, in our opinion, liable to forfeit; and the justice’s discretion in the apportionment is taken away.