## Augustus Lyman, in Error, *versus* Pliny Arms et al.

writ of error lies on a judgment of the Court of Common Pleas, rendered on the report of referees under a submission entered into before a justice of the peace, pursuant to *St.* 1786, *c* 21.

S till referees, under a submission of all demands between the plaintiff and the administrator of his deceased partner, awarded to the administrator a certain sum, and that the plaintiff should have and retain all the property of the firm. Upon error in law assigned, the Court *held* that they could not infer from the record that the plaintiff was charged by the referees with the value of this property.

*Held* also, that the plaintiff could not maintain a writ of error, because the referees had taken into consideration his demand against a third person, in reduction of the administrator's claim, the error being in the plaintiff's favor.

On the 3d of November, 1824, Pliny Arms and Solomon Williams, in their capacity as administrators on the estate of Jonathan Arms, and Augustus Lyman entered into an agreement before a justice of the peace, pursuant to *St.* 1786, *c.* 21, whereby they submitted to the determination of referees a demand of 2000 dollars for cash lent by the deceased to Lyman, and all other demands between the estate of the deceased and Lyman. The referees, after awarding that the administrators should recover 1873 dollars 49 cents, in full of all demands due from Lyman to the estate of Jonathan Arms, proceed as follows : — " and the said Lyman is to have and retain all the property and credits belonging to the late firm of Lyman & Arms ; and we have allowed to Lyman, in this award, his claim, as far as we thought just, against the estate of George Arms, both on his private account against him, and the account of Lyman & Arms against him ; and also his claim for the services of his daughter Meriam ; and on the notes given her by Jonathan and George Arms ; and the note given by Lyman to Arms and Williams as administrators, is included." This award was accepted by the Court of Common Pleas in November 1824, and judgment was rendered that the administrators recover against Lyman the sum of 1873 dollars 49 cents.

Afterwards, in 1826, Lyman sued out this writ, and assigned the following errors. : — 1. That the record and proceedings in the case did not authorize the Court of C. P

214

Lyman
v.
Arms.

to render judgment for the administrators ; — 2. That by the record and proceedings it appeared, that the referees awarded concerning matters which were not contained in the submission ; — 3. That by the record and proceedings it appeared, that the referees awarded concerning matters other than the demand annexed to the submission, and other than the demand between the estate of the deceased and Lyman.

The case was argued in writing.

*Wells*, for the defendants in error, moved that the writ might be quashed, on the ground that the remedy of the plaintiff, if aggrieved, was by a petition for a writ of *certiorari ;* and he requested the Court to revise the decision on this point, in *Short* v. *Pratt*, 6 Mass. R. 496. Error will lie only where the judgment is rendered by a court of common law jurisdiction, proceeding according to the course of the common law, and where, if the judgment is reversed, the court of errors may render such a judgment as the court below ought to have rendered, and if necessary may award a *venire facias de novo.* *Drowne* v. *Stimpson*, 2 Mass. R. 445 ; *Edgar* v. *Dodge*, 4 Mass. R. 671 ; *Commonwealth* v. *Ellis*, 11 Mass. R. 466, 467 ; *Tidd's Pract.* 1051, 1130. To show that the proceedings in this case were not according to the course of the common law, he referred to *St.* 1786, *c.* 21 ; *Monosiel* v. *Post*, 4 Mass. R. 532 ; *Mansfield* v. *Doughty*, 3 Mass. R. 398 ; *Stone* v. *Davis*, 14 Mass. R. 360 ; *Skillings* v. *Coolidge*, ibid. 48 ; *Commonwealth* v. *Pejepscut Proprietors*, 7 Mass. R. 416 ; *Jones* v. *Hacker*, 5 Mass. R. 264. He said that the court below had authority only to accept, reject, or recommit the report ; 7 Mass. R. 413 ; *Phelps* v. *Goodman*, 14 Mass. R. 252 ; and if the objections of the plaintiff were valid, it ought to have been recommitted ; *Boardman* v. *England*, 6 Mass. R. 70 ; but to show that this Court was confined to a simple affirmance or reversal of the judgment, and that it could not recommit the report, he referred to *Stone* v. *Davis*, *ubi supra ; Dean* v. *Dean*, 2 Pick. 25 ; *Miller* v. *Miller*, ibid. 570 ; and *Drowne* v. *Stimpson*, *Commonwealth* v *Ellis*, and *Edgar* v. *Dodge*, before cited.

**215**      But if a writ of error is the proper remedy, the defendants

contend that there is no error in the proceedings. No error in fact is assigned, and the Court therefore cannot go out of the record ; *Gerrish* v. *Morse*, 2 Pick. 625 ; 14 Mass. R. 252 ; and if there is any thing erroneous on the face of the record, it is in favor of the plaintiff, so that he cannot assign it for error. Bac. Abr. *Error*, *B*, and *K* 4 ; *Tey's case*, 5 Co. 39 *b* ; Tidd's Pract. 1053 ; 14 Mass. R. 47.

*Billings* and *Clark, contrà.* A writ of error will sometimes lie, although the proceedings may not have been according to the course of the common law, as in the case of a statute staple or statute merchant. 2 Bac. Abr. 450, *Error*, *A*, 1, *note*, cites Cro. Eliz. 233. The only criterion to determine whether error lies or not, is whether the Court, upon a reversal, can or cannot give such judgment as the court below ought to have given. Admitting that this Court cannot, in the present case, recommit the report, we say that a recommitment by the Court of C. P. is not a judgment, any more than an order for the continuance of an action is a judgment. A motion for a recommitment is addressed to the discretion of the court. But admitting a recommitment to be a judgment, it is not such a judgment as can be reversed on error ; *Metcalfe's case*, 11 Co. 38 ; *Woods* v. *Young*, 4 Cranch, 237 ; *Mar. Ins. Co.* v. *Hodgson*, 6 Cranch, 218 ; *Henderson* v. *Moore*, 5 Cranch, 11 ; *Barr* v. *Gratz*, 4 Wheat. 220 ; *Burd* v. *Lessee of Dansdale*, 2 Binney, 90 ; *Welch* v. *Mandeville*, 7 Cranch, 152 ; and the rule, that the Court, on reversal, must have power to render such judgment as the court below ought to have rendered, is confined to such judgments as are reversible on error. The only *final* judgment which the court below was bound to enter, was a judgment of non-acceptance of the report ; and a reversal by this Court will be equivalent. But the question now raised has been solemnly decided ; *Short* v. *Pratt*, 6 Mass. R. 497 ; and it is too late to disturb the decision, even if it was originally incorrect. *Stuart* v. *Laird*, 1 Cranch, 299 ; *Mott* v. *Anthony*, 5 Mass. R. 490.

It is apparent, by necessary implication, upon the face of the award, that the administrators had an interest in the property and credits of the firm of Lyman & Arms, and that

a part of the consideration of the amount awarded was, that Lyman should have all the property and credits of the firm The referees were not authorized to make Lyman a debtor for this interest of the administrators. This error is not beneficial to the plaintiff, and it is fatal to the award.

Neither does the objection, that the error is beneficial to the plaintiff, apply to that part of the award which relates to the estate of George Arms, unless that part is considered as a nullity and the plaintiff has still a right of action against the representative of George Arms. The benefit to the plaintiff in error, in order to prevent a reversal, ought at least to be clear and palpable.

But if the error was an error of the court, then it is immaterial whether it was or was not in favor of the plaintiff; and it certainly was an error of the court, in a case where its jurisdiction was limited and where the statute must be strictly pursued, to accept an award manifestly, and on the face of it, not made pursuant to the statute. *Bentham's case,* 11 Co. 56 ; *Capron* v. *Van Noorden,* 2 Cranch, 126 ; *Tudor* v. *Peck,* 4 Mass. R. 242.

The opinion of the Court was drawn up by

PARKER C. J. It is now too late to call in question the proceeding by error instead of *certiorari.* Until the distinction was taken by Chief Justice *Parsons* in the case of *Savage* v. *Gulliver,* 4 Mass. R. 171, error was most commonly brought in cases more proper for *certiorari;* but the Court appear not to have seen any objection to error in a case like this ; possibly because the judgment is rendered in a common law court. It is true that in this case the judgment can only be affirmed or reversed, but that may be in part or in whole. A *venire facias de novo* cannot be awarded, because there was no writ and no jury.

But we do not see that the judgment is erroneous. It does not appear that the referees took any thing into consideration beyond the demands of the parties against each other, except in reduction of the administrator's demand, and of that the plaintiff cannot complain. It is true they have awarded that certain property and credits shall belong to him, which it must be presumed were the property of the firm ;

out whether they charged him with the value of those articles, or of the debts with which they credited him, does not appear and cannot be made to appear from the record. We cannot go out of the record on this issue. All that appears is, that certain deductions were made from the demand produced against the plaintiff, and that certain goods and merchandise were assigned to him by the award. Of this he has no right of complaint ; it was in his favor.[1] It is stated that the referees increased the balance against the plaintiff in error by charging him with the value of these goods. If this were done without his consent, we do not decide that it was proper ; but the difficulty is, that we have no right to understand it to be so from the record. If true, it should have been averred as an error in fact, so that it might be traversed.

This judgment must be affirmed, there being no error in the record. If injury has been done, the plaintiff in error must seek a different mode of redress.

---

[1] The principle is general, that a man cannot assign for error, that which is to his advantage, *John* v. *Clayton,* 1 Blackford, 55.