Dewey, J.
The counsel for the defendant in error insist that this writ ought to be quashed as improvidently issued; and for this position they rely upon two objections: 1. That an assignee of a bankrupt cannot maintain a writ of error to reverse a judgment rendered against the bankrupt: 2. That a writ of error does not lie in the present case, there being by law a right of appeal to this court by the party aggrieved.
1. To maintain the first point, the defendant relies upon the general principle, that no person can bring a writ of error, unless he is a party or privy to the record, or is privy to the judgment ; and it is contended that the assignee does not stand in any such relation to this judgment. But we are very clearly of opinion that this objection is not well founded. The act of 1841, establishing a uniform system of bankruptcy, in the 3d section, after providing that all the property of the bankrupt shall vest in the assignee, further provides as follows: “ And the- assignee, so appointed, shall be vested with all the rights, titles, powers and authority, to sell, manage and dispose of the same, and to sue for and defend the same, (subject to the orders and directions of such court,) as fully, to all intents and purposes, as if the same were vested in, or might be exercised by, such bankrupt before or at the time of his bankruptcy declared as aforesaid.” This, we think, is extensive enough to embrace a suit like the present.
2. Does a writ of error lie upon a judgment of the court of common pleas accepting an award, for an error apparent on the *284 record? By Rev. Sts. c. 114, <§> 13, the authority is directly given to any party aggrieved by such judgment, to bring a writ of error for any error in law or fact, and the supreme judicial court are thereupon to render such judgment as the court of common pleas ought to have rendered.
It is then contended, that this provision is abrogated by St 1840, c. 87, § 5, giving “ any party, aggrieved by any judgment of the court of common pleas founded upon matter of law apparent on the record,” the right to appeal to the supreme judicial court. It is attempted to maintain this position, by enforcing the principle, that a writ of error will not lie where an appeal lies, as was settled in Savage v. Gulliver, 4 Mass. 171; Jarvis v. Blanchard, 6 Mass. 4; and various subsequent cases.
Assuming that St. 1840, c. 87, § 5, applies to cases of judgments on awards, as we are inclined to think it does, and that an appeal may be taken in such cases, for error in matter of law apparent on the record; yet we think that this would not deprive the party of his writ of error, if he elected that remedy. This latter remedy being given by a previous statute, which is not repealed, either expressly or by implication, the remedy provided by St. of 1840 is to be considered merely cumulative. But further; it is to be considered that the appeal referred to in Savage v. Gulliver, and other cases, was an appeal in the broadest form, vacating the entire judgment, and opening the case wholly for trial on its merits. It was in reference to such an appeal that the rule, now relied upon, was adopted and so often applied. But an appeal for error in matter of law apparent on the record is a very different proceeding, is limited in its purposes, and was doubtless intended merely as a more convenient and simple method of reserving questions of law in certain cases, than by resorting to a bill of exceptions. Such being the nature of the right of appeal given by St. 1840, c. 87, § 5, we think its provisions would not, in any case, deprive the party of the right to his writ of error, if he elect that mode of correcting errors in matter of law, rather than the appeal given by this statute.
These objections being found unavailing to the defendant, wo *285 are then brought to the consideration of the sufficiency of the e* rors assigned by the plaintiff to sustain his writ of error. Various objections are taken to the validity of this judgment, commencing with the submission itself, and attaching themselves to every stage of the proceedings. Some of them are quite untenable, while others, upon which we shall give no opinion, might require further consideration, if the result would be affected by them; but without reference to other objections than those which I shall presently state, the court are of opinion that the errors assigned are fatal to the judgment, and that the same must be reversed.
1. The award is void, being imperfect and uncertain as to the extent of it, and the final result of the action of the referees. It is so, because, after various recitals of the doings of the referees, they further add, “ a duplicate statement of proceedings relating to our award we have delivered to each of the parties: We have considered the purchase of the Adams property, so called, as a partnership transaction, and have adjusted the same, as will appear by said statement.” Now, it is very clear, that whatever of the doings of the referees, in the matter of making their award, is borne only upon the duplicates thus delivered to the parties, is not so distinctly set forth in the award, as to be acted upon by the court to which the award is returned for acceptance. If, upon a submission and award at common law, such statements, furnished to the parties, might be considered sufficient, as bringing directly to their knowledge the nature and extent of the award; yet such a course of proceeding will not do, in a submission under the statute. The parties here entered into a submission under the provisions of the Rev. Sts. c. 114, by force of which an award has no efficacy until accepted by the court of common pleas ; and every thing that enters into the award must, from the nature of the case, be borne upon the award returned to the court; and if not so done, it cannot be legally accepted by the court, and made the foundation of a judgment against the party to be charged thereby.
2. The award does not authorize the judgment and execution thereon, because, on the face of it, it does not award thal *286 Laflin is to recover any sum in money of Matthew D. Field. It proceeds to adjust the matters in litigation, which were submitted to the referees, by finding that there is due from said Field to Laflin the sum of $ 1229-66, and that the note of said Field, held by said Laflin, for $ 2000, “ has been indorsed down to the sum of $ 1229-66 ; which note, thus indorsed down, is the amount of our award; and said note, so indorsed, is held by said Laflin, as our award; ” thus directing in what manner Laflin is to hold the evidence that Field is indebted to him, but not discharging the note, nor assuming to cancel it; but, on the contrary, directing it to be retained by Laflin; all which is entirely inconsistent with the idea that a judgment is to be rendered by the court for so much money, and an execution to issue therefor.
I am aware that there has been great liberality of practice m relation to giving effect to awards, and, contrary to what might seem the appropriate office of an award made upon a submission under our statute, conditional awards, and awards in relation to which no present judgment could be entered, authorizing an enforcement of the same by execution, have been sanctioned by this court; as in the cases of Commonwealth v. Pejepscut Proprietors, 7 Mass. 399, and Skillings v. Coolidge, 14 Mass. 43. If, however, such conditional awards are good, and bind the parties, yet they are not the foundation of a present judgment for money, and an execution to enforce the payment of the same. If the present award might have been properly accepted, and might have availed the parties, to the extent of adjusting their concerns upon the principles stated in the award, yet it furnished no sufficient ground for the judgment actually rendered thereon.
These defects, in the present case, are probably attributable to the circumstances connected with this submission, and the nature of the subjects submitted to the referees. The case was dealt with rather as a submission at common law, (which would have seemed a form more adapted to the adjustment of the various matters to be sett'ed between these parties,) than a submission under the statute. But the judgment entered was *287 necessarily under the statute, and was, in the opinion of the court, unauthorized by law.

Judgment reversed.