SAMUEL G. PALMER & another *vs.* HENRY H. DAYTON.

The appeal, authorized by the *St.* of 1838, *c.* 163, § 4, from the decree of the com missioner of insolvency, rejecting or allowing the claim of a supposed creditor, must be entered " in the proper court which shall be first held within and for the county in which the proceedings are had, next after the expiration of fourteen days from the time of claiming the appeal; " and if omitted to be so entered. through forgetfulness or mistake, cannot be entered at a succeeding term

THIS was a petition for leave to enter an appeal from a decree of the commissioner of insolvency for this county at the present term of the court.

The petitioners alleged, that they were the assignees of Goodrich M. Dayton, an insolvent debtor; that on the 23d of December last, the respondent presented a claim against the estate of the insolvent, which was allowed by the commissioner, to the amount of $1752·78; that being dissatisfied with such allowance, the petitioners appealed to this court then next to be holden in this county on the third Tuesday of April last; that the petitioners' counsel, "through forgetfulness and mistake" neglected to enter the appeal at the April term; and that, according to their belief, the claim so allowed was unjust, and ought not to have been proved against the estate of the insolvent. The statements in the petition were not controverted.

*R. Newton,* for the petitioners, referred to the *St.* 1838, *c.* 163, § 4; *Davis* v. *Newton,* 6 Met. 537; *Eastman* v. *Foster,* 8 Met. 19; and *In Re Decoster,* 7 Law Reporter, 189.

*B. F. Thomas,* for the respondent, referred to the same section of the *St.* of 1838, and to *Dean* v. *Dean,* 2 Mass. 150.

WILDE, J. This is a petition of the assignees of an insolvent debtor, to enter an appeal from the allowance, by the commissioner of insolvency, of the respondent's claim against the estate of the insolvent. The appeal was not entered at the term of this court next after the expiration of fourteen days from the time of claiming the appeal, as is required by the *St.* of 1838, *c.* 163, § 4, and it is very clear that the court has no power to allow the appeal to be entered at any other term. Provisions are made in other cases authorizing courts on petition to allow the entry of appeals, where, by mistake, they had not been entered at the proper term; but there is no such provision in the insolvent laws for the allowance of the entry of an appeal from the allowance by the commissioner of insolvency of a creditor's claim.

It has been argued for the petitioners, that they are entitled to relief by virtue of the eighteenth section of the

statute ; but we think otherwise. If the petitioners were aggrieved by the decision of the commissioner, their only remedy was by appeal ; and that was a convenient and adequate remedy. And they would not have been entitled to relief, we apprehend, under the eighteenth section, although it should appear on the face of the proceedings, that the commissioner had allowed an illegal claim. That section was not intended to apply to cases which were otherwise specially provided for in the fourth section. *Davis* v. *Newton,* 6 Met. 537, 543. That section gives this court chancery jurisdiction, but not in cases where a party has a complete and adequate remedy at law. In the case of *Savage* v. *Gulliver,* 4 Mass. 171, and in sundry other cases, it was decided, that a writ of error does not lie on a judgment of an inferior court, where the party aggrieved has a right of appeal to a superior court. And this case would depend on similar principles, if the proceedings of the commissioner had been irregular and illegal. It is not necessary, however, to decide this point, for it is quite clear that the commissioner acted within his jurisdiction. He had a right, and was bound, to allow all claims of creditors, which in his opinion were proved; and it does not appear, nor is it suggested, that any question of law was involved in the allowance of the respondent's claim.

*Petition dismissed.*