IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### OCTOBER TERM, 1863, AT ST. LOUIS.

THE NORTH MISSOURI RAILROAD COMPANY, Plaintiff in Error,
*v.* R. H. PARKS, ADMINISTRATOR OF JAMES GREEN, Defend-
ant in Error.

*Practice — Writ of Error — Administration.*—A writ of error does not lie
from the Circuit Court to the County Court, or court having probate juris-
diction, with respect to matters exclusively of a probate character. The
proper remedy is by an appeal taken in accordance with the statute. (R.
C. 1855, p. 1295, § 2.)*

*Error to St. Charles Circuit Court.*

The North Missouri Railroad Company, plaintiff in error,
presented a demand of five hundred dollars, in the Probate
Court of St. Charles county, on the 11th day of October,
1856, for allowance against the estate of James Green ;
Robert H. Parks, defendant in error, being the adminis-
trator. Afterwards, on the 8th day of December, 1856,

---

* In Gamble, Adm'r, v. Hamilton, Adm'r, 7 Mo. 469, a writ of error from
the St. Louis Common Pleas to the St. Louis Probate Court, was sued out,
and the jurisdiction was sustained. But in Thompson v. Smith, 1 Mo. 404,
it was held that a writ of error did lie from the Supreme to the County Court;
and in Watson v. Dickerson, 3 Mo. 339, that a writ of error did not lie from
the Circuit to the County Court.

notice on the said demand was waived in open court, and on the 21st day of March, 1857, the demand was allowed and ordered to be paid in the seventh class.

On the 20th day of March, 1860, at the request of the defendant in error, a writ of error was issued from the Circuit Court of St. Charles county to the said Probate Court, in obedience to which the record of the cause in the said Probate Court was sent to the Circuit Court, and the case was heard at the September term of the Circuit Court, 1863, by the court sitting as a jury. On the trial of the cause, plaintiff in error moved the court to dismiss the writ of error, for the reason that it did not lie in a case of this nature; which motion was overruled by the court, and the overruling was excepted to by plaintiff in error. In the progress of the trial, the defendant in error introduced testimony showing that letters of administration were granted to Robert H. Parks on the 6th day of April, 1853 ; that due notice of the granting of said letters was given by publication, and that the claim was barred.

To all this it was objected by the plaintiff in error, that no testimony dehors the record of the Probate Court was admissible. The objection was overruled by the court, and the plaintiff in error excepted. The plaintiff in error below assigned for error, that the Probate Court allowed the claim of plaintiff in error against defendant in error after the expiration of three years from the date of the letters of administration granted on the estate of the said Green. The court, sitting as a jury, rendered a judgment in favor of defendant in error. Plaintiff in error thereupon filed his motion for a new trial, which being overruled by the court, he sued out his writ of error to the Supreme Court.

*Lewis* and *Alexander*, for plaintiff in error.

As will be seen by another paper, filed by plaintiff in error, in this cause, the first point made by plaintiff in error is the following :

I. A writ of error does not lie from the Circuit Court to

the Probate Court. (2 R. C. 1295; Laws of 1859, pp. 29, 30, § 6, 7, 17; 1 R. C. 535, § 15; 9 Mo. 117–120; 3 Gill. 497; 2 Tidd's Practice, 1134; 3 Mo. 339.) Writs of error had their origin in the Chancery Courts, but with reference to the law of the United States they are common law writs; they were issued for the purpose of correcting errors of *fact* and errors of *law*. The writ of error which was issued in this cause, from the St. Charles Circuit Court to the St. Charles Probate Court, may be termed, under the practice, a writ of error generally; that is, a writ requiring the record of the Probate Court to be sent up to the Circuit Court. It is issued to correct an error in law. This writ, then, being a common law writ, we take the position that it does not lie to any court not having a common law jurisdiction, unless the statutes of our State have expressly otherwise provided. (R. C. 1855, p. 1295, § 2.) "Writs of error shall issue on demand, as a matter of right, on the final decision or judgment of the County Court from the Circuit Court, in term time or vacation, except in relation to probate matters, within ninety days from such judgment or decision." Thus, by this section of the statute, by express provision writs of error do not lie from Circuit Courts to County Courts in relation to probate matters. This is a probate case—a demand which has been allowed against an estate, the justice of which the defendant has never questioned. It would seem, from this section, that there ought to be no question as to the law; and the remedy in this case was by an appeal from the Probate Court; the statute especially provides for it. (R. C., p. 535, sec. 15; Laws of 1859, p. 29.) Nowhere in the statutes can it be found that a writ of error lies to a Probate Court, for the reason that a remedy has already been provided by appeal. (See 3 Gill. 497; 2 Tidd's Practice, 1134.)

II. A writ of error goes to the record. The Circuit Court erred in admitting any testimony, and in considering matters dehors the record of the Probate Court. The evidence before the Probate Court should have been preserved by a bill of exceptions. (12 Mo. 602; 3 Mo. 341; 2 Tidd's Prac-

tice, 1136; 7 How. Miss. Rep. 414–419; 24 Wend. 496; 12 Ohio, 132–148; 11 Alabama, 732–740; 27 Mo. 280; 7 Vermont, 89–91.) As stated above, the writ of error goes to the record. The plaintiffs in error below, in order to make out their case, found it necessary to introduce evidence dehors the record of the Probate Court, which, in obedience to the writ of error, had been sent up to the Circuit Court. None of the testimony in the Probate Court was preserved by a bill of exceptions. The authorities are uniform to the effect, that, in order to use testimony outside of the record above, it must be preserved by a bill of exceptions below.

III. It does not appear from the record in the Probate Court, or from the assignment of errors by plaintiff in error below, that any error was committed by said court. (9 Mo. 229; 8 Mo. 169; Steph. Plead'g, 117–119.)

Writs of error are issued for the purpose of correcting errors which appear on the face of the record of the court to which they are directed. (Steph. Plead'g, 117–119.) If upon an examination of the record of the lower court, no error appears to have been committed, then no error has been committed. By referring to the assignment of errors, it will be seen that he assigns for error the fact that the Probate Court allowed the claim of plaintiff in error after three years from the date of the granting of the letters of administration had expired. Now this court in 8 Mo. 169, and 9 Mo. 229, has expressly decided that such an assignment as the above is bad, and hold that the party should state that more than three years had expired since the demand accrued. There are many instances where demands have not become due until some time after the death of the party against whose estate the demand is presented.

IV. Notice of the presentment of the demand in question having been waived by the administrator, and he having failed to plead the statute of limitations in the Probate Court, no error was committed by said court in rendering judgment against him. (16 Mass. 429; 9 Mo. 266; 13 Mass. 201; 16 Mass. 172; 15 Mass. 6.)

For the sake of argument, suppose that it appeared from the record of the Probate Court that this claim was actually barred by the statute of limitations, but that the administrator Parks had failed to plead it; even then we contend that he cannot take advantage of that fact now.

*Orrick,* for defendant in error.

I. A writ of error from the Circuit Court to the County Court, in probate matters, is a proper and legitimate proceeding. The exception in the statute is intended to qualify the issuing of the writ, in probate cases only, as to the time limited, and not as to the general authority to issue it. The general object of the section is to limit the time to ninety days. The exception merely takes out of that limitation such writs as belong to probate matters, and as to them leaves the time unlimited. (R. C. 55, p. 1295, § 2.)

The writ of error is a common law writ, and requires no special statute in this State to give it vitality; it is a necessary incident to the relation of a superior court to an inferior and subordinate one, provided only that they both be courts of record. (Mo. State Constitution; R. C. 1855, p. 77, § 8; Rankin v. Perry, 5 Mo. 501; Gamble v. Hamilton, 7 Mo. 469–471; Evans v. Adams, 3 Green, 373; Smith v. Pratt, 13 Ohio, 548; Allen v. The Mayor, &c., 9 Geo. 286; Green v. Whiting, 1 Smedes & M. 579; Lynes v. The State, 5 Port. 236; Lansford v. Richardson, 5 Ala. 618; Bank of U. S. v. Patton, 5 How. Miss. 200.)

II. As to the admissibility of the evidence introduced by defendant in error, it does not appear, from the bill of exceptions what were the grounds of objections raised by plaintiff in error, and this court, therefore, will not review them. (Krippen v. Bechtner, 32 Mo. 255; Weston & P. R.R. Co. v. Cox, 32 Mo. 456.)

III. The forms of entry in the County Court do not admit the conclusion that the defendant in error failed to plead the three years statute in the County Court; nor would it avail the plaintiff in error if he had so failed; it is not a

statute of personal privilege, like the ordinary statutes of limitation; it operates an absolute bar to the demand; its effect cannot be destroyed by the administrator's neglect or failure to plead it. (R. C. 1855, p. 151, § 1; Wiggins v. Lovering's Adm'r, 9 Mo. 259–262.)

Bay, Judge, delivered the opinion of the court.

The only question of importance presented by the record in the case, is, whether a writ of error lies from the Circuit Court to the County or Probate Court, with respect to matters exclusively of a probate character.

Tidd, in his work on Practice, defines a writ of error to be an original writ issuing out of Chancery, and which lies where a party is aggrieved by any error in the foundation preceding judgment, or execution of a suit in a court of record, and is in the nature of a commission to the judges of the same, or a superior court, by which they are authorized to examine the record upon which judgment was given, and on such examination to affirm or reverse the same, according to law. In England it was extensively employed, and issued as a matter of right from a superior to an inferior tribunal, provided such inferior tribunal was a court of record exercising common law jurisdiction. In this country its use has been more limited, from the fact that a party, aggrieved by the judgment or decision of an inferior court, has, in most cases, a statutory remedy, in the nature of an appeal.

It is also well settled by authority, in this country, that in the absence of any statutory permission, the writ will not lie to a court vested with special jurisdiction, and which does not proceed according to the forms of the common law. (3 Gill. 497; 4 Mass. 171; 11 Mass. 507.)

Neither the County or Probate Courts of this State possess common law jurisdiction, though declared by statute to be courts of record. They are courts of special jurisdiction, with powers defined and limited by statute. It is clear, then,

North Missouri Railroad Co. v. Green's Adm'r.

that a writ of error does not lie to them, unless authorized by statute.

It is insisted by the defendant in error that the power to issue the writ is given by the second section of the fourteenth article of the " Act regulating practice and proceedings in civil cases." (R. C. 1855, p, 1295.) The section reads as follows: " Writs of error shall issue on demand, as a matter of right, on the final decision or judgment of the County Court from the Circuit Court, in term time or vacation, except in relation to probate matters, within ninety days from such judgment or decision."

It is contended by counsel that the exception found in the statute was designed to qualify the issuing of the writ only as to the time limited, and not as to the general authority to issue it; and that, therefore, in probate matters, he is entitled to the writ at any time within three years from the rendition of the judgment, as provided by the succeeding section. We are free to admit that the section is ambiguous, and may possibly admit of either construction; but we are clearly of the opinion that the Legislature intended that the exception should apply to the writ itself, for the whole policy of our law regulating the administration of estates, is, to wind up estates at the earliest practicable period; hence, it is provided, (with a saving clause as to infants, persons of unsound mind, &c.,) that all demands against an estate not exhibited for allowance within three years after the granting of letters, shall be forever barred. It is further provided, that no executor or administrator shall be compelled to pay legacies, or make distribution, within three years after the date of his letters, unless ordered to do so by the court, until bond and security be given by the legatee or distributee to refund his due proportion of any debt, which may afterwards be established against the estate, and the costs attending the recovery thereof.

No provision can be found which authorizes or requires the taking of such refunding bonds after the expiration of the three years. While it is true that the Legislature have

made no limit as to the time within which an estate shall be settled, it is manifest that they deemed the three years a sufficient time in ordinary cases. But if a claimant is entitled to a writ of error at any time within three years after the rejection of his claim, he may keep the estate open and unsettled for that period of time, for he may delay exhibiting his claim until just before the expiration of the time within which he is required to exhibit it, thus depriving heirs of any benefit of the estate for a protracted period.

Another reason which can be forcibly urged in behalf of the view we have here taken, is, that the law makes ample provision for the correction of any error that the Probate Court may commit. The party aggrieved is entitled to an appeal, if taken during the term at which the decision complained of is made. Upon the granting of an appeal, and filing the transcript in the office of the clerk of the Circuit Court, such court becomes possessed of the cause, and is required to hear, try and determine the same anew, without regarding any error, defect, or other imperfection in the proceedings of the inferior court. The Circuit Court is not regarded as a revisory court, but tries the cause as though it originated in the Circuit Court. But if a party is entitled to bring his case up by writ of error, and does so, then there can be no trial *de novo*, for the writ goes to the record, and the Circuit Court is precluded from going outside of the record to find error.

But if the respondent is correct in the supposition that he was entitled to his writ of error, we do not see how it could avail him in the case at bar, for the evidence given in the Probate Court is not preserved by bill of exceptions. The motion filed in the Circuit Court to dismiss the writ should have been sustained.

Judgment reversed and cause remanded, with instructions to the court below to dismiss the writ of error; Judge Bates and Judge Dryden concurring.